OPINION
{¶ 1} Defendant-appellant, Ivan M. Jones ("Jones") appeals the judgment of the Defiance County Court of Common Pleas denying his motion to dismiss on speedy trial grounds. Jones also appeals the trial court admitting two CDs containing telephone conversations into evidence. For the reasons which follow, we affirm the judgment of the trial court.
 {¶ 2} Jones, living in Ohio, was on parole supervision out of the state of Michigan. The parole supervision had been transferred from Michigan to Defiance County, Ohio. On July 28, 2005, Tim Johnson ("Johnson"), Jones' Ohio parole officer, received a report that Jones was involved in the assault of an individual by using a firearm. Johnson also received information that Jones was staying at a trailer located on Lot C-5 at 844 N. Clinton St., Defiance, Ohio, with another individual named Dana Rowe ("Rowe").
 {¶ 3} As a result, Johnson stopped by the trailer in question, but Jones was not at the trailer. Johnson then left the trailer park. Later, Johnson received a telephone call from an individual who was living at the trailer park and who informed Johnson that Jones was now at the trailer. Johnson then returned to the trailer and placed Jones under arrest.
 {¶ 4} Johnson testified that he talked with Rowe and confirmed that Jones and Rowe were both staying at the trailer. According to Johnson's testimony, Rowe identified one of the bedrooms as belonging to Jones. Police officers then conducted a search of the bedroom and discovered a locked safe. The officers conducted a "pat down" search of Jones and found the key to the safe. When the officers opened the safe, they discovered a sandwich bag containing crack cocaine and a sandwich bag containing a green vegetative substance. An officer also discovered paraphernalia, a digital scale, and sandwich bags during their search.
 {¶ 5} On August 6, 2004, Jones was indicted for possession of crack cocaine, a violation of R.C. 2925.11(A)(C)(4)(e); and trafficking in crack cocaine, a violation of R.C.2925.03(A)(2)(C)(4)(d).
 {¶ 6} Jones filed a motion to dismiss based on speedy trial grounds on March 14, 2005. The trial court denied the motion.
 {¶ 7} On March 29, 2005, the jury trial began. The jury returned a guilty verdict for both counts of the indictment. Thereafter, the trial court sentenced Jones to nine years for the possession of crack cocaine and twelve months for trafficking in crack cocaine. The trial court ordered the sentences to be run consecutively.
 {¶ 8} It is from the trial court's denial of the motion to dismiss and the admission of taped telephone conversations that Jones appeals. He sets forth two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The Defendant's Motion alleging a violation of his SpeedyTrial Rights under O.R.C. 2945.71 makes a prima facie case forviolation, and places on the State an affirmative duty to respondin the record. The failure of the State to respond on the record,even where it may have a meritorious objection, should result inthe discharge of the defendant.
 {¶ 9} In his first assignment of error, Jones argues that he was entitled to the triple count provision of R.C. 2945.71(E) and that his speedy trial rights were violated. As a basis for this argument, Jones argues that the state failed to introduce any evidence of a valid parole holder, that the trial court erroneously considered a booking statement not introduced into evidence as evidence that a parole holder existed, and that even if the booking statement were considered as evidence it was not sufficient to meet the state's burden of proof.
 {¶ 10} "[T]he Ohio speedy trial statute is mandatory, constitutional, and must be construed strictly against the state." State v. Steinke, 158 Ohio App. 3d 241, 2004-Ohio-1201,841 N.E.2d 1230, at ¶ 5, citing State v. Singer (1977),50 Ohio St. 2d 103. Under the Ohio speedy trial statute, an accused who has been charged with a felony must ordinarily be brought to trial within two hundred and seventy days of his or her arrest. R.C. 2945.71(C)(2). However, in computing the amount of time that has elapsed for speedy trial purposes, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).
 {¶ 11} Jones was arrested on July 28, 2004, therefore, the first date that counts for speedy trial purposes is July 29, 2004. On August 12, 2004, Jones requested a continuance, which the trial court granted. A defendant's motion for a continuance will toll the speedy trial time period. R.C. 2945.72(H). Consequently, the speedy trial time period was tolled on August 12. From July 29 until August 12, 2004, fifteen days elapsed for speedy trial purposes.
 {¶ 12} The trial court held a hearing on September 2, 2004. The trial court appointed Attorney John Goldenetz to represent Jones. On September 2, 2004, Jones' attorney requested discovery. A defendant's request for discovery tolls the speedy trial time period. State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040,781 N.E.2d 159, at ¶ 26; R.C. 2945.72(E). Since Jones' attorney filed for discovery on the same day that Jones' continuance ended, the speedy trial time limit did not begin to run again until the state complied with the discovery request on September 3.[1] Thus, the time period from August 12 until September 3 was tolled.
 {¶ 13} Jones filed a pro se request for discovery, a bill of particulars, and a notice of intention to use evidence on October 22, 2004. At the time of his pro se discovery request, Jones was represented by an attorney. Since the state did not respond to these pro se discovery requests, at least when the requests were initially made, and Jones was represented by counsel when he made the requests, these requests did not toll the speedy trial time period.
 {¶ 14} On November 18, 2004, the trial court held a hearing and Attorney Goldenetz withdrew as Jones' counsel. The original trial date of November 22, 2004 was vacated and the trial was rescheduled for January 24, 2005. From September 3 until November 18, seventy-six days elapsed for speedy trial purposes.
 {¶ 15} Attorneys S. Scott Schwab and John McMahon filed an entry of appearance on November 22, 2004. On January 21, 2005, Attorney Schwab filed a motion to vacate the January 24 trial date and to convert that date to a hearing. At the January 24 hearing, Jones waived his right to an attorney and elected to proceed pro se. Jones then renewed his pro se discovery motions which had been previously filed on October 22, 2004. The trial court reset Jones' trial for March 29, 2005.
 {¶ 16} On March 14, 2005, Jones filed his motion to dismiss based on speedy trial grounds. The trial court appointed Attorney Stephen Archer to assist Jones on March 14, and Jones proceeded pro se. The trial court held a hearing on the speedy trial motion on March 23 and the motion was denied. At the hearing, Attorney Archer withdrew from assisting Jones.
 {¶ 17} The delays from November 18, 2004 through Jones' trial on March 29, 2005 were tolled for speedy trial purposes since the delays resulted from Jones' changes in representation and various trial counsels' motions to vacate trial dates. When the various delays attributed to Jones are calculated, ninety-one days elapsed before Jones' was brought to trial.
 {¶ 18} Jones argues that since the state did not present any evidence of a parole holder the triple count provision applied, and Jones right to a speedy trial was violated when he was not brought to trial within ninety days.
 {¶ 19} The triple count provision of R.C. 2945.71(E) only applies to an accused who is "being held in jail solely on the pending charges in the particular case." State v. Maag, 3d Dist. No. 5-03-32, 2005-Ohio-3761, at ¶ 11, citations omitted. Thus, the triple count provision does not apply when the accused is being held on a parole holder. Id., citations omitted.
 {¶ 20} The state did not present any evidence of a parole holder at the hearing or file a response to Jones' motion to dismiss on speedy trial grounds. However, at the motion to dismiss hearing, Jones acknowledged that he was on a parole holder until August 1. Jones said, "As I believe my holder was only a five day holder. * * * So my time — believing my — This is what I was told. The holder was only a five day holder. That five days would end on August 1, 2004, as far as my holder. * * *".
 {¶ 21} "Evidence of a valid parole holder can be adduced from the transcripts of the trial court hearing." State v. Brown,
7th Dist. No. 03-MA-32, 2005-Ohio-2939, at ¶ 36, citations omitted. Since the transcript of the hearing reveals that Jones acknowledged being held on a parole holder which lasted until August 1, the single count provision applies until August 1. The single count applies for this time period regardless of whether the state introduced evidence of a parole holder, whether the trial court considered a booking statement not introduced into evidence, or whether the booking statement was insufficient to establish a parole holder existed because Jones acknowledged that a parole holder existed at least until August 1.
 {¶ 22} Assuming, arguendo, that Jones parole holder lasted only until August 1, 2004, then Jones' right to a speedy trial was not violated. When the single count is applied until August 1, 2004, then four days elapsed towards the speedy trial count. Applying the triple count provision to the remaining time, then eleven actual days elapsed or thirty three days as applied towards the speedy trial time period through August 12. Since the time period from August 12, 2004 through September 3, 2004 is tolled, no additional time is added for the speedy trial count. From September 3 through November 18, seventy-six actual days elapsed, however, when the triple count requirement is applied two hundred and twenty eight days apply towards the speedy trial count. As previously noted, the remaining time is tolled for purposes of calculating Jones' speedy trial time.
According to our calculations, Jones was brought to trial in two hundred and sixty five days out of the two hundred and seventy days allowed under the statute. Consequently, Jones right to a speedy trial was not violated.
 {¶ 23} Jones' first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II It was Reversible Error for the Court to admit the tapedconversation of the defendant from the Corrections Center ofNorthwest Ohio, where the State had failed complete discovery andprovide this evidence in advance of trial to the Defendant.
 {¶ 24} In his second assignment of error, Jones maintains that the prosecution failed to disclose CDs containing taped telephone conversations that Jones made while incarcerated, that the telephone conversations were improperly admitted into evidence, and that the evidence prejudiced Jones. Jones also argues that the trial court's failure to make any inquiry into whether the state complied with the discovery request or into any appropriate sanctions for noncompliance should be considered reversible error. The state counters by arguing there is proof on the record that the defendant received a copy of the CDs in question.
 {¶ 25} Crim R. 16(E)(3) states "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstance."
 {¶ 26} The transcript from January 24, 2005, reveals that the defendant's attorney was provided a copy of the two CD recordings of the telephone conversations, but that the CDs were either defective in some manner or were unable to be played. At the January 24 hearing, the trial court ordered the state to comply with Jones' previously filed pro se discovery request. The state then filed a discovery compliance on January 31, 2005, which listed the two CDs in question.
 {¶ 27} Although Jones claims he objected to the CDs at trial based on improper rebuttal and the fact that he did not receive the CDs during discovery, the record reflects that Jones objected based solely upon improper rebuttal. Jones never indicated to the trial court that the state did not comply with discovery by failing to provide a second copy of the CDs. Furthermore, Jones did not object to the evidence based on lack of discovery. Since Jones did not object based on lack of discovery, and Jones never informed the trial court that the state did not comply with the discovery request for a second copy of the CDs, the trial court did not have a duty to inquire about whether the state had provided the requested discovery.
 {¶ 28} Furthermore, there is no evidence on the record that the state failed to comply with the discovery requests after learning that the first set of CDs were defective. Rather, the state's discovery compliance filed with the trial court on January 31, 2005, indicates that the state did in fact comply with the requested discovery. Jones assignment of error is, therefore, overruled.
 {¶ 29} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant, P.J., and Shaw, J., concur.
[1] We note that there is disagreement over whether the state provided the discovery to the defendant on September 3 or September 7. The discovery compliance was filed with the trial court and was file stamped September 7, however, the certificate of service lists September 3 as the date that the state provided discovery to the defendant.