OPINION *Page 2 
{¶ 1} Defendant-Appellant Ivan M. Jones ("Jones") appeals from the December 19, 2006 Judgment Entry of the Court of Common Pleas of Defiance County, Ohio denying Jones's petition for post-conviction relief
 {¶ 2} On August 6, 2004 a Defiance County Grand Jury indicted Jones on one count of Possession of Crack Cocaine, a felony of the second degree in violation of R.C. 2925.11(A)(C)(4)(e) and on one count of Trafficking in Crack Cocaine, a felony of the fourth degree in violation of R.C.2925.03(A)(2)(C)(4)(d).[1]
 {¶ 3} At his arraignment on September 2, 2004 Jones entered a plea of not guilty to the charges contained in the indictment. Several continuances were granted by the trial court and Jones changed representation four times. On March 14, 2005 Jones filed a motion to dismiss based on speedy trial grounds, but this motion was denied by the trial court. This matter subsequently proceeded to a jury trial on March 29, 2005. Although Jones represented himself at trial, a fifth attorney was appointed by the court to "assist" Jones in his defense. At the close of all of the evidence, the jury found Jones guilty of Possession of Crack Cocaine and Trafficking in Crack Cocaine as contained in the indictment.[2] *Page 3 
 {¶ 4} This matter proceeded to sentencing on April 28, 2005. In its May 4, 2005 Judgment Entry, the trial court sentenced Jones to nine years in prison for his conviction of Possession of Crack Cocaine, a felony of the second degree in violation of R.C. 2925.11(A)(C)(4)(e), and 12 months in prison for his conviction of Trafficking in Crack Cocaine, a felony of the fourth degree in violation of R.C.2925.03(A)(2)(C)(4)(d). The trial court further ordered the sentences to be served consecutively. Jones was given credit for 276 days served.
 {¶ 5} Jones filed a timely notice of appeal of the May 4, 2005 Judgment Entry of Sentencing alleging that the trial court erred in denying his motion to dismiss and erred in admitting taped telephone conversations into evidence during the jury trial. On October 2, 2006 this court overruled Jones's assignments of error and affirmed the May 4, 2005 judgment of the trial court. See State v. Jones, 3rd Dist. No. 4-05-21, 2006-Ohio-5147.
 {¶ 6} On February 8, 2006 Jones filed a petition for post conviction relief with the trial court asserting claims of ineffective assistance of counsel. The trial court filed a Judgment Entry on December 19, 2006 denying Jones's petition without a hearing, holding that Jones's petition raised nothing beyond those claims already raised and subsequently rejected by the Third District Court of Appeals and therefore Jones's claims for relief were barred by the doctrine of res judicata.
 {¶ 7} Jones now appeals, asserting three assignments of error. *Page 4 
 ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED BY NOT ORDERING AN EVIDENTIARY HEARING BE HELD IN LIGHT OF NEW EVIDENCE, IN THE FORM OF AN AFFIDAVIT, INTRODUCED BY THE OWNER OF THE TRAILER WHERE DRUGS WERE FOUND STATING THAT THE APPELLANT WAS NOT A RESIDENT AT THE TRAILER, AND THAT HE INFORMED THE POLICE OF THIS FACT; WHICH STATEMENT WAS WITHHELD FROM THE DEFENSE AND FROM THE JURY. ANY SUCH VIOLATION IMPLICATES THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED WHEN IT APPLIED THE RESTRICTIONS OF MURNAHAN'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS AGAINST THE APPELLANT'S POST CONVICTION RELIEF MOTION, WHEN THE APPELLANT DID NOT RAISE SUCH CLAIMS AGAINST APPELLATE COUNSEL, BUT RATHER TRIAL COUNSEL. ANY SUCH VIOLATION IMPLICATES THE APPELLANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, AND RIGHT TO DUE PROCESS OF LAW.
 ASSIGNMENT OF ERROR NO. 3 IT DOES NOT APPEAR FROM THE RECORD THAT THE APPELLANT WAS NEVER FORMALLY BOND (SIC) OVER TO THE COMMON PLEAS COURT. THIS IS ALSO A DUE PROCESS OF LAW VIOLATION BECAUSE THE APPELLANT WAS NOT ARRESTED BY VIRTUE OF A WARRANT.
 {¶ 8} Prior to addressing Jones's assignments of error, we must first address the nature of this appeal. Generally, there are two avenues through which a defendant may challenge a judgment of conviction or sentence. State v. Caldwell, 3rd Dist. No. 11-05-07,2005-Ohio-5375. First, a defendant may file a *Page 5 
direct appeal within 30 days of the judgment entry of conviction or sentencing. See App.R. 4(A). Second, a defendant may file a petition for post-conviction relief pursuant to R.C. 2953.21. According to R.C.2953.21,
 (A)(1)(a) Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 * * *
 (A)(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 9} In the present case, Jones was sentenced by the trial court on May 4, 2005. The record reflects that Jones filed a direct appeal of his sentence pursuant to App.R. 4(A). See State v. Jones, 3rd
Dist. No. 4-05-21, 2006-Ohio-5147. The record also reflects that the trial transcript in that appeal was filed with this court on August 22, 2005. Id. Accordingly, pursuant to R.C. 2953.21, Jones had to file a petition for post conviction relief no later than 180 days after the August 22, 2005 date on which his trial transcript was filed. *Page 6 
 {¶ 10} We note that Jones filed his motion for post conviction relief with the trial court on February 8, 2006. This filing was done within the 180 day requirement set forth in R.C. 2953.21(A)(2). Therefore, we find that the trial court correctly determined that Jones's motion for post conviction relief was timely filed. (See December 19, 2006 Judgment Entry).
 Assignment of Error No. 1 {¶ 11} Turning our attention to Jones's first assignment of error, we note that Jones argues that the trial court erred in failing to conduct an evidentiary hearing on his motion for post conviction relief.
 {¶ 12} A petitioner who seeks to challenge his conviction through a petition for post conviction relief is not automatically entitled to a hearing. State v. Jackson (1980), 64 Ohio St.2d 107, 110,413 N.E.2d 819. The test is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case. State v.Strutton (1988), 62 Ohio App.3d 248, 251, 575 N.E.2d 466 citingJackson, supra.
 {¶ 13} Further, "[w] here a petition for post conviction remedy under R.C. 2953.21 alleges grounds for relief, and the record of the original criminal prosecution does not fully rebut the allegations, the petitioner is entitled to an evidentiary hearing in which he is provided an opportunity to prove his *Page 7 
allegations." State v. Bays (Jan. 30, 1998), 2nd Dist. No. 96-CA-118, unreported, citing State v. Williams (1966),8 Ohio App.2d 135, 136, 220 N.E.2d 837.
 {¶ 14} However, if the court determines that there are no substantive grounds for relief, it may dismiss the petition without an evidentiary hearing. State v. Smith, 3rd Dist. No. 1-04-50,2004-Ohio-6190 citing State v. Calhoun (1999), 86 Ohio St.3d 279,282-83, 714 N.E.2d 905; State v. Cole (1982), 2 Ohio St.2d 112. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for post conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." State v. Battle, 10th Dist. No. 06AP-863, 2007-Ohio-1845 citing Calhoun, 86 Ohio St.3d 279 at 291.
 {¶ 15} Additionally, in reviewing the documentary evidence in support of the petition, the trial court may judge their credibility in determining whether to accept the affidavits as true statements of fact for the purpose of showing substantive grounds for relief. SeeCalhoun, 86 Ohio St.3d at 284, State v. Bays, supra, State v.Strutton, 62 Ohio App.3d at 252. "Unlike the summary judgment procedure in civil cases, in post conviction relief proceedings, the trial court has presumably been presented with evidence to support the original entry of conviction . . ." Id. Therefore, under appropriate circumstances in post conviction *Page 8 
relief proceedings, the trial court may deem affidavit testimony to lack credibility without first observing or examining the affiant.[3]Id. That conclusion is supported by common sense, the interests of eliminating delay and unnecessary expense, and furthering the expeditious administration of justice. Id. citing Civ.R. 1(B), (C);Cole, 2 Ohio St.3d at 114. However, if the trial court dismisses the petition for post conviction relief, it shall make and file findings of fact and conclusions of law with respect to such dismissal. R.C.2151.21(C).
 {¶ 16} In reviewing whether the trial court erred in denying a petitioner's motion for post conviction relief without a hearing, the appellate court applies an abuse of discretion standard. State v.Campbell, 10th Dist. No. 03AP-147, 2003-Ohio-6305 citingCalhoun, at 284. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 17} Before addressing the merits of Jones's first assignment of error, we must address the nature of the allegations contained in his petition for post *Page 9 
conviction relief. In his petition, Jones alleged that his constitutional rights were violated because he was denied effective assistance of trial counsel. Specifically, Jones alleged that his counsel failed to investigate and present specific defenses, including Jones's alibi.
 {¶ 18} In a petition for post conviction relief asserting ineffective counsel "before a hearing is granted, `the petitioner bears the initial burden to submit evidentiary documents containing sufficient operativefacts to demonstrate the lack of competent counsel and that thedefense was prejudiced by counsel's ineffectiveness."`Calhoun,86 Ohio St.3d at 283 quoting Jackson, 64 Ohio St.3d at syllabus. (Emphasis added in Calhoun).
 {¶ 19} We note that the Supreme Court of Ohio has held that the doctrine of res judicata will bar a defendant from raising any defenses or constitutional claims in a post conviction appeal under R.C. 2953.21
that were or could have been raised by the defendant at trial or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175, 180,226 N.E.2d 104; see also State v. Zorns (1997), 120 Ohio App.3d 360,697 N.E.2d 1098, ("[Constitutional issues cannot be considered in post conviction proceedings where they have already been or could have been fully litigated . . . either before his judgment of conviction or on direct appeal from that judgment."). Thus, the doctrine of res judicata will bar all claims except those that *Page 10 
were not available at trial or on appeal because they are based on evidence dehors the record. State v. Medsker, 3rd Dist. No. 1-04-24, 2004-Ohio-4291.
 {¶ 20} The Supreme Court of Ohio has recognized exceptions to this general rule and has held that the doctrine of res judicata does not apply to claims of ineffective assistance where the issue was not heard on direct appeal. See State v. Hester (1976), 45 Ohio St.2d 71, 75-76,341 N.E.2d 304. Hester allowed for post petition claims of ineffective assistance of counsel so long as the issue was not previously litigated on direct review. Medsker, 2004-Ohio-4291 at ¶ 6.
 {¶ 21} However, the Supreme Court of Ohio has limited Hester to situations where defendant's counsel was the same at both trial and on direct appeal, because counsel "cannot realistically be expected to argue his own incompetence." State v. Cole (1982), 2 Ohio St.3d 112, 114
and fn. 1, 443 N.E.2d 169. Additionally, in Cole, the Supreme Court of Ohio held that where a defendant was represented by new counsel on direct appeal "who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel," claims of ineffective assistance of counsel must be brought on direct review. Id. Therefore, where a defendant has different counsel on direct appeal than at trial, claims of ineffective assistance of counsel are barred by the doctrine of res judicata if they could have been adjudicated based on evidence in the record. Medsker, 2004-Ohio-4291 at ¶ 7. *Page 11 
 {¶ 22} In the present case, the record demonstrates that Jones was represented by different counsel on appeal than he was at trial.[4]
Therefore, his claims of ineffective assistance of trial counsel are barred under Cole unless they are based on evidence dehors the record.[5]
 {¶ 23} In his present appeal, Jones argues that the trial court erred by not conducting an evidentiary hearing on his petition for post conviction relief in light of the new evidence referenced in his petition. Specifically, Jones referred to an affidavit from Dana Rowe ("Rowe"), the owner of the trailer where the drugs were found, stating that Jones did not live at the trailer and that he [Rowe] had informed the police of this fact."[6] Rowe's affidavit is dated April 21, 2006 and provides, in relevant part, as follows:
 "They asked me where does Ivan live? I told them in Paulding with Shannon. * * * I never gave police nor parole officers consent to search my house and car. I never gave police nor parole officers consent, they told me they had warrants, and when I came out of the bathroom they was already in my house searching. I never said I was scared of Ivan Jones that's not why *Page 12 I didn't come to court. I was never asked to come. I never said anything against Ivan Jones nor have anything against him . . . I never told the police he did drugs either as far as I know he never did any drugs."
 {¶ 24} We find that Rowe's affidavit is a matter of some consequence to the present case because the main issue for the jury to consider at trial was whether or not Jones was living with Rowe at the time he was arrested and therefore whether they might reasonably infer that the drugs found in Jones's alleged bedroom were under his custody or control.
 {¶ 25} To support its theory of the case that Jones resided with Rowe, the State presented the testimony of Jones's parole officer who testified that Rowe told him that Jones lived in the trailer, gave consent to search the trailer, and placed the ownership of the drugs found in the bedroom as being Jones's. The State also presented testimony of other police officers who testified that although they did not hear Rowe's statements to Jones's parole officer that Jones lived in the trailer, they were told by the parole officer that such statements were made. Additionally, Jones's parole officer testified that a neighbor told him that she believed Jones was living with Rowe. However, neither the neighbor nor Rowe testified at trial. In fact, the State's case was based entirely on circumstantial evidence and hearsay testimony establishing that Jones was the sole resident of the *Page 13 
room in the trailer where the drugs were found and therefore, that he exercised exclusive custody and control of the drugs.[7]
 {¶ 26} Based upon the information presented in Rowe's affidavit, Jones's petition for post conviction relief alleges that his counsel was ineffective for not investigating Rowe as a potential alibi witness who would have validated his claim that he did not live at the trailer where drugs were found, and who would have called into question the truthfulness of the hearsay testimony presented by police officers at trial on this issue.[8]
 {¶ 27} We find that the record of Jones's original criminal proceeding does not fully rebut the allegations contained in Jones's petition for post conviction relief under R.C. 2953.21. Additionally, we find that Jones's petition, the supporting affidavit and the record in this case, taken together, may demonstrate sufficient operative facts to establish substantive grounds for relief. Accordingly, we find that Jones was entitled to an evidentiary hearing in which he would be provided an opportunity to prove his allegations. Furthermore, we note that although the trial court's December 19, 2006 Judgment Entry states "[t]he *Page 14 
foregoing shall constitute findings of fact and conclusions of law pursuant to Section 2953.21(C)", we find this to be insufficient as to why the trial court did not conduct an evidentiary hearing and why the trial court dismissed Jones's petition, especially in light of the fact that Jones's claims of ineffective assistance of counsel are not barred by the doctrine of res judicata.
 {¶ 28} Therefore, we find that the trial court erred by not conducting an evidentiary hearing in light of the new evidence provided by Jones in his petition for post conviction relief. Jones's first assignment of error is sustained.
 Assignment of Error No. 2 {¶ 29} In his second assignment of error, Jones alleges that the trial court erred when it applied the restrictions contained in State v.Murnahan (1992), 63 Ohio St.3d 60 against his petition for post conviction relief as Jones did not raise ineffective assistance of counsel claims against his appellate counsel, but rather his trial counsel.
 {¶ 30} In its December 19, 2006 Judgment Entry, the trial court stated that "[i] t should also be noted that Defendant-Petitioner subsequent claim of ineffective assistance of Appellate counsel are not cognizable in post-conviction proceedings under the statute. State v.Murnahan, 63 Ohio St.3d 60 (1992)."
 {¶ 31} Our review of the record reveals that Jones's allegations of ineffective assistance of counsel do not relate to the performance of his appellate *Page 15 
counsel. Rather, Jones alleges that his trial counsel (i.e., attorneys appointed or privately retained to represent Jones prior to trial) was ineffective by failing to investigate Rowe as a potential alibi witness. Additionally, Jones's petition alleged that trial counsel was ineffective by not investigating his proper address.
 {¶ 32} As these claims do not relate to the assistance of Jones's appellate counsel, we find that the trial court erred in relying onState v. Murnahan, supra, in dismissing Jones's petition for post conviction relief. Accordingly, Jones's second assignment of error is sustained.
 Assignment of Error No. 3 {¶ 33} In his third assignment of error, Jones alleges that his due process rights were violated because he not arrested on a warrant and was allegedly never formally bound over to the common pleas court.
 {¶ 34} Pursuant to the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Valance 3rd Dist. No. 9-03-02, 2003-Ohio-2387 citing State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. Therefore, to survive preclusion by res judicata, a *Page 16 
defendant must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record. State v.Ferko 9th Dist. No. 20608, 2001-Ohio-1402.
 {¶ 35} In the present case, Jones was sentenced by the trial court on May 4, 2005 and he filed a direct appeal of this sentence. Thus, any questions concerning the validity of this entry or matters pertaining thereto should have been raised in his direct appeal. See State v.Crutchfield 3rd Dist. Nos. 11-01-09, 11-01-10, 2002-Ohio-568. However, Jones did not raise the issue of his warrantless arrest or the issue of whether he was properly bound over from municipal court to common pleas court in his direct appeal, nor did he raise it in his petition for post conviction relief. See State v. Jones, 3rd Dist. No. 4-05-21, 2006-Ohio-5147. Therefore, as the principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised or could have been raised previously in an appeal, we find that Jones's third assignment of error is barred by the doctrine of res judicata. See, generally,Perry, supra; State v. Byrd 3rd Dist. Nos. 4-05-17 and 4-05-18, 2005-Ohio-5613. Accordingly, Jones's third assignment of error is overruled.
 {¶ 36} Based on the foregoing, the December 19, 2006 Judgment Entry of the Defiance County Court of Common Pleas denying Jones's petition for post *Page 17 
conviction relief is reversed. This matter is remanded with instructions to the trial court to conduct an evidentiary hearing on Jones's petition for post conviction relief. The trial court is instructed to address Jones's allegations of ineffective assistance of the various counsel appointed to represent Jones prior to his trial, specifically with regard to the duty of any of these counsel to investigate, subpoena, or ascertain the whereabouts and statement of Dana Rowe, in the due course of preparing any defense for Jones. Additionally, the trial court is instructed to engage in an analysis of the two part test for ineffective assistance of counsel as articulated in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 and adopted by the Supreme Court of Ohio in State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, and set forth its findings of fact and conclusions of law pursuant to R.C. 2953.21(C).
Judgment reversed and cause remanded.
ROGERS, P.J., and WILLAMOWSKI, J., concur.
[1] The indictment also contained a forfeiture specification in the amount of $1,325.00.
[2] The jury also found that the amount of $1,325.00 as referenced in the forfeiture specification in the indictment, was to be forfeited.
[3] However, affidavits are not to be lightly deemed false and the trial court should consider such relevant factors as (1) whether the judge reviewing the post conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language so as to appear to be drafted by the same person, (3) whether hearsay is relied upon in the affidavits, (4) whether the affiants are relatives of the petitioner or otherwise interested in the petitioner's success, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Calhoun, 86 Ohio St.3d at 284-85, 714 N.E.2d 905.
[4] We note that Jones apparently represented himself at trial and was simply being "assisted" at trial by an attorney. Additionally, we note that Jones's appellate attorney had been previously appointed as his attorney during the underlying proceedings, but this term of representation only lasted from March 14, 2005 to March 23, 2005.
[5] If an ineffective assistance of counsel issue concerns a matter outside the record, the appellate court could not consider it on direct appeal because the court can only consider matters contained in the record. State v. Jones, 8th Dist. No. 83601,2004-Ohio-3868 citing State v. Smith (1985), 17 Ohio St.3d 98, 101, fn. 1, 477 N.E.2d 1128. Although ineffective assistance of counsel ordinarily should be raised on direct appeal, res judicata does not bar a defendant from raising this issue in a petition for post conviction relief if the claim is based on evidence outside the record.Id. at ¶ 6. This principle applies even when the issue of ineffective assistance of counsel was raised on direct appeal. Id.
[6] Although Jones's petition for post conviction relief stated that the affidavit of Rowe, the alibi witness that Jones alleged his counsel was ineffective for not investigating, would be filed as an additional attachment by the end of February 2006, our review of the record reveals that Mr. Rowe's affidavit was not filed until July 5, 2006 as attached to Jones's motion to supplement the motion to vacate or set aside sentence.
[7] We are aware that the State presented testimony that keys to the safe where the drugs were found were located on Jones's person. Additionally, we note that the State presented testimony and a receipt from Rent-A-Center with Jones' name as the renter with his address listed as that of Dana Rowe's trailer. However, we note that the most important issue for the jury to determine was the residence of the bedroom issue.
[8] As previously noted, Jones represented himself at trial. Therefore, there can be no alleged ineffective assistance of counsel specifically regarding trial counsel. However, we note that Jones' claims of ineffective assistance of counsel, although not specifically stated as such, appear related to the performance of other attorneys that had been appointed or privately retained to represent Jonesprior to trial. *Page 1