{¶ 1} Defendant-appellant, Ricky Driskill (hereinafter "Driskill"), appeals the judgment of the Mercer County Court of Common Pleas denying his petition for postconviction relief without holding a hearing. For the reasons that follow, we affirm.
 {¶ 2} In Case No. 05-CRM-067, the Mercer County Grand Jury indicted Driskill on three counts: count one of felonious assault, in violation of R.C. 2903.11(A)(2);(D), a first degree felony; count two of felonious assault, in violation of R.C. 2903.11(A)(2);(D), a first degree felony; and count three of theft of a motor vehicle, in violation of R.C.2913.02(A)(1), (B)(5), a fourth degree felony.
 {¶ 3} In Case No. 06-CRM-097, the Mercer County Grand Jury indicted Driskill on two counts: count one of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1)(a), (B)(1)(a), a second degree felony; and count two of *Page 3 
vehicular assault, in violation of R.C. 2903.08(A)(2)(b), (C)(2), a third degree felony.
 {¶ 4} On August 25, 2006, the trial court held a change of plea hearing. In Case No. 05-CRM-067, Driskill pled guilty to counts one and three, and the prosecution entered a nolle prosequi on count two. In Case No. 06-CRM-097, Driskill pled no contest to count two of the indictment, and the prosecution entered a nolle prosequi on count one.
 {¶ 5} Thereafter, the trial court sentenced Driskill to four years imprisonment on the felonious assault, and sixteen months imprisonment on the theft of a motor vehicle count in Case No. 05-CRM-067. The trial court sentenced Driskill to two years imprisonment on the vehicular assault count in Case No. 06-CRM-097. The trial court also ordered the sentences in Case No. 05-CRM-067 be served consecutively to each other and consecutive to the sentence in Case No. 06-CRM-097.
 {¶ 6} Driskill filed a notice of appeal in Case No. 05-CRM-067 and Case No. 06-CRM-097. This court subsequently dismissed both appeals for want of prosecution.
 {¶ 7} On December 20, 2006, Driskill filed a petition for postconviction relief, and requested an oral hearing. On March 5, 2007, the trial court denied the petition. In its journal entry, the trial court found that the postconviction relief *Page 4 
petition requested an oral hearing, but that a hearing was neither necessary nor appropriate.
 {¶ 8} It is from this judgment that Driskill appeals and asserts one assignment of error for our review.
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED APPELLANT'S PETITION FOR POSTCONVICTION RELIEF WITHOUT FIRST HOLDING A HEARING.
 {¶ 9} In his sole assignment of error, Driskill argues the trial court erred in denying his postconviction relief petition without first holding a hearing. In his postconviction relief petition, Driskill alleged that he was provided ineffective assistance of trial counsel.
 {¶ 10} Generally, a defendant may challenge a judgment of conviction or sentence by: 1.) filing a direct appeal within thirty days of the judgment entry of conviction or sentence, or 2.) filing a petition for postconviction relief pursuant to R.C. 2953.21. State v. Jones, 3d Dist. No. 4-07-02, 2007-Ohio-5624, ¶ 8, citing State v. Caldwell, 3d Dist. No. 11-05-07, 2005-Ohio-5375; App.R. 4(A); R.C. 2953.21.
 {¶ 11} Driskill filed a postconviction relief petition under R.C.2953.21. R.C. 2953.21 provides, in pertinent part: *Page 5 
 (A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.* * *
 {¶ 12} "A petitioner who seeks to challenge his conviction through a petition for post conviction relief is not automatically entitled to a hearing." Jones, 2007-Ohio-5624, at ¶ 12, citing State v. Jackson
(1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. Instead, the applicable test is "whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case." Id., citing State v.Strutton (1988), 62 Ohio App.3d 248, 251, 575 N.E.2d 466, citingJackson, supra.
 {¶ 13} When the postconviction relief petition "`alleges grounds for relief, and the record of the original criminal prosecution does not fully rebut the allegations, the petitioner is entitled to an evidentiary hearing in which he is provided an opportunity to prove his allegations.'" Id. at ¶ 13, quoting State v. Bays (Jan.30, 1998), 2d Dist. No. 96-CA-118, unreported, citing State v. Williams (1966),8 Ohio App.2d 135, 136, 220 N.E.2d 837. "However, if the court determines that there are no substantive grounds for relief, it may dismiss the petition without an evidentiary hearing." Id. at ¶ 14, citations omitted. *Page 6 
 {¶ 14} This court reviews the trial court's denial of a postconviction petition without first holding a hearing under an abuse of discretion standard. Jones, 2007-Ohio-5624, at ¶ 16, citing State v. Campbell, 10th Dist. No. 03AP-147, 2003-Ohio-6305, citing State v. Calhoun (1999), 86 Ohio St.3d 279, 284, 714 N.E.2d 905. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore, 5 Ohio St.3d 217, 219,450 N.E.2d 1140, citations omitted.
 {¶ 15} In his petition for postconviction relief, Driskill alleges that he was provided ineffective assistance of counsel. In his affidavit, Driskill alleged that his previous trial counsel promised him that he would not receive a prison sentence as a result of his plea. Further, Driskill alleged, in his affidavit, that a letter he received from his attorney stated that the trial judge had told the attorney that Driskill should not risk a trial when he would receive treatment instead of prison by entering a guilty plea. Driskill's affidavit also alleged that his attorney did not investigate possible defenses raised by his brain tumor and Chiari malformation.
 {¶ 16} When a petition for post-conviction relief alleges ineffective assistance of counsel, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's *Page 7 
ineffectiveness." State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819, syllabus; Jones, 2007-Ohio-5624, at ¶ 18, citations omitted.
 {¶ 17} Driskill's affidavit provides, in pertinent part:
 * * *
 2. I was promised by Mr. Poppe in writing that I would receive probation from the court;
 3. Mr. Poppe, in at least two letters, distinctly conveyed to me that the chances of my receiving jail time was minimal;
 4. After receiving Mr. Poppe's letters and speaking with him personally, I believed that refraining from a jury trial would essentially lighten my sentence;
 5. I initially wanted to go to trial;
 6. I had a brain tumor along with a condition known as Chiari Malformation that had significant adverse effects on my behavior;
 7. This aspect of my condition was not adequately discussed as it relates to the trial;
 8. On account of the brain tumor and Chiari Malformation, defenses could have been raised on my behalf;
 9. The only reason that I did not go to trial was that my attorney promised that I would receive probation and that the judge specifically said I would receive probation.
 * * *
 {¶ 18} Also attached to Driskill's memorandum in support of his postconviction relief petition was a letter addressed to him from his trial attorney, Attorney Poppe. The letter provides in pertinent part: *Page 8 
 * * * I told you that the Court had indicated to me verbally that, in his opinion, "I don't see any reason when the result is that he gets treatment and doesn't go to prison, why he wants to take a chance on going to trial. He's not going to prison anyway as long as he takes care of doing the things he needs to do like we've planned." That is as close as I can get to what he was communicating with there being emphasis on if you keep doing the things you are supposed to be doing, you are not going to prison.
 It is also my understanding that you are going to see to it that I get the medical records and you are going to enroll in an alcohol/drug treatment program at the recommendation of your treating psychologist. * * *
(Defendant's Exhibit A attached to memo., 12/20/06).
 {¶ 19} On August 25, 2006, the trial court held a change of plea hearing, and Driskill pled guilty in Case No. 05-CRM-067 and no contest in Case No. 06-CRM-097. At that hearing, the following discussion occurred:
 THE COURT: Now, throughout these proceedings, and it's been rather long proceedings — at least the `05 case has been pending for some time. Do you feel like all the issues in each of these matters have been addressed to your satisfaction by your attorney, Mr. Poppe?
 THE DEFENDANT: Yes, your Honor.
 THE COURT: Are you satisfied with his services and advice to this point in time?
 THE DEFENDANT: Yes, your Honor.
 * * *
 THE COURT: Have you been induced by any threats, promises, or offers of reward to enter these pleas today?
 THE DEFENDANT: No, your Honor.
(Tr. 8/25/06 at 15). *Page 9 
 {¶ 20} After reviewing Driskill's petition, his supporting affidavits, and the record, we find that Driskill's arguments lack merit for several reasons.
 {¶ 21} First, on the record at the change of plea hearing, Driskill made statements that conflict with the allegations in his postconviction relief petition. At the change of plea hearing, Driskill indicated that he had not been induced to enter his pleas, by any promises. However, in his memorandum in support of his petition for postconviction relief, Driskill alleged that Attorney Poppe "made representations, both oral and written, that the judge would not issue any jail sentence if Mr. Driskill pled guilty to the charges." (memo., 12/20/06). On the record, Driskill personally refuted statements contained in his petition for post conviction relief, and there are no allegations that Attorney Poppe told him to lie about any promises.
 {¶ 22} Second, the letters from Attorney Poppe to Driskill which were attached to Driskill's memorandum in support of his postconviction relief petition, do not contain any direct promises upon which Driskill could rely.
 {¶ 23} Third, Driskill's trial counsel investigated Driskill's medical conditions, including his tumor and Chiari Malformation. At the sentencing hearing, Driskill's trial counsel presented the testimony of Dr. Richard Nockowitz, a psychiatrist with a specialty in neuropsychiatry, who testified generally *Page 10 
regarding seizures, tumors, and Chiari malformation. (Tr. 10/13/06, 28-78) Thus, Driskill's trial counsel investigated Driskill's medical conditions.
 {¶ 24} After reviewing the record, we hold that there were no substantive grounds for relief requiring a hearing. Thus, the trial court did not abuse its discretion by denying Driskill's petition for postconviction relief without first holding a hearing.
 {¶ 25} Driskill's sole assignment of error is, therefore, overruled.
 {¶ 26} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
 SHAW, P.J., and WILLAMOWSKI, J., concur. *Page 1