OPINION *Page 2 
{¶ 1} The defendant-appellant, Ivan Jones, pro se, appeals the judgment of the Defiance County Common Pleas Court dismissing and overruling his petition for post conviction relief. For the reasons set forth herein, we affirm the judgment of the trial court.
 {¶ 2} On July 28, 2005, Tim Johnson, Jones' parole officer, received a report that Jones had assaulted an individual in Paulding County, Ohio by pistol-whipping him. Such action was a violation of Jones' terms of parole. At the time of the report, Jones' parole supervision had been transferred to Defiance County, Ohio from the state of Michigan. During his investigation of the report, Johnson received information that Jones was staying at a trailer located at a certain address in Defiance, Ohio. The trailer was owned by another individual, Dana Rowe.
 {¶ 3} Johnson went to the trailer, but neither Jones nor Rowe were there. Johnson spoke with a neighbor who viewed a photograph of Jones and indicated that he had been staying at the trailer. The neighbor agreed to contact Johnson upon seeing Jones again. Later that day, the neighbor called Johnson and reported that Jones was at the trailer. Johnson returned with officers from the Defiance Police Department, apprehended Jones outside the trailer, and placed him under arrest. *Page 3 
 {¶ 4} Johnson spoke with Rowe, who confirmed that he owned the trailer, and that Jones had been staying in one of the bedrooms for two to three weeks. Rowe took Johnson to the bedroom and consented to a search of the trailer, as Johnson was looking for the firearm allegedly used by Jones during the reported assault. Johnson began his search of the bedroom, wherein he located a locked safe in the closet. Johnson recovered the key to the safe from the pocket of the pants Jones was wearing and opened the safe. Inside the safe, Johnson discovered a sandwich bag containing crack cocaine and a sandwich bag containing a green vegetative substance. Johnson requested assistance from the MAN-Unit (the Multi-Area Narcotics Task Force). Upon his arrival, Officer David Macaluso, of the MAN-Unit, spoke with Rowe and again confirmed that Jones had been staying in the bedroom and again obtained consent to search. The subsequent search revealed another sandwich bag, which contained several rocks of crack cocaine, on a shelf in the bedroom closet, a digital scale, a hand scale, three razorblades, one of which contained cocaine residue, and a box of sandwich baggies. Officers also seized $1,325 in cash from Jones. During a later interview with Macaluso, Jones admitted he was holding the cocaine for somebody named "Ralph." Johnson continued the investigation and discovered that furniture in the bedroom had been rented by Jones from Rent-A-Center. The police later obtained taped *Page 4 
conversations wherein Jones told a relative where to find additional drugs in the trailer bedroom and how to go about selling them.
 {¶ 5} On August 6, 2004, the Defiance County Grand Jury indicted Jones on one count of possession of crack cocaine, a violation of R.C. 2925.11(A), (C)(4)(e), a second-degree felony, and one count of trafficking in crack cocaine, a violation of R.C. 2925.03(A)(2), (C)(4)(d), a fourth-degree felony. The indictment also contained a forfeiture specification for the amount of $1,325.
 {¶ 6} At his arraignment on September 2, 2004, Jones pled not guilty. Several continuances were granted by the trial court, and Jones changed representation four times. On March 14, 2005, Jones filed a motion to dismiss based on speedy trial grounds, but the trial court denied the motion. Trial commenced on March 29, 2005 with Jones representing himself. However, the court appointed a fifth trial attorney to "assist" Jones in his defense. On March 30, 2005, the jury returned guilty verdicts on both charges of the indictment and determined that Jones was required to forfeit $1,325.
 {¶ 7} A sentencing hearing was held on April 28, 2005, and on May 4, 2005, the trial court filed its sentencing judgment entry. Jones was ordered to serve an aggregate sentence of ten years in prison; nine-years for possession of crack cocaine to be served consecutively to twelve-months for trafficking in crack cocaine. Jones filed a notice of appeal, alleging that the trial court erred when it *Page 5 
denied his motion to dismiss, and that the trial court erred when it admitted the taped telephone conversations into evidence during trial. Jones' assignments of error were overruled, and the judgment of the trial court was affirmed. State v. Jones, 3d Dist. No. 4-05-21,2006-Ohio-5147.
 {¶ 8} On February 8, 2006, Jones filed a petition for post conviction relief, claiming he had been deprived of the effective assistance of trial counsel. Attached to the petition was an "affidavit" signed by Dana Rowe, a witness for the prosecution who did not testify at trial despite the state's subpoena. The trial court denied Jones' petition without hearing, finding that his claims were barred by res judicata. On appeal, this Court determined that the affidavit accompanying Jones' petition entitled him to an evidentiary hearing, at least, and the case was remanded to the trial court for a hearing and analysis underStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674. State v. Jones, 3d Dist. No. 4-07-02, 2007-Ohio-5624.
 {¶ 9} On March 18, 2008, the trial court conducted the evidentiary hearing. Jones failed to present any evidence at the hearing, but the state presented testimony from three witnesses. At the conclusion of the hearing, the court orally dismissed Jones' petition for post conviction relief due to his failure to present evidence, but the court also overruled the petition after engaging in the Strickland analysis, as directed by this Court. The trial court filed its judgment *Page 6 
entry, reflecting the above determinations, on April 7, 2008. Jones appeals the judgment of the trial court and raises eight assignments of error for our review.
 Assignment of Error No. 1 [The] trial court abused its discretion in denying Defendant's new trial based on Dana Rowe's testimony.
 Assignment of Error No. 2 Violation of constitutional rights 6th Amendment [sic]
 Assignment of Error No. 3 The appellant also contends that this is a Brady violation.
 Assignment of Error No. 4 The conviction is against the manafest [sic] weight of the evidence.
 Assignment of Error No. 5 Mr. Jones['] indictment is defective because it fails to state a mental element.
 Assignment of Error No. 6 Ineffective assistance of trial counsels.
 Assignment of Error No. 7 It does not appear from the record that the appellant was ever formally bond [sic] over to the Common Pleas Court. This also is a due process of law violation because the appellant was not arrested by virtue of a warrant. *Page 7 
 Assignment of Error No. 8 Defendant never made a confession and [was never] given any Miranda Rights.
 {¶ 10} For ease of analysis, we elect to address the assignments of error out of order. Jones apparently believes the municipal court was required to bind him over to the common pleas court, despite the fact that he was directly indicted by the grand jury. In the seventh assignment of error, he contends that the municipal court's failure to bind him over prevented the vesting of jurisdiction in the common pleas court, which renders his convictions void. Jones also argues he "was never even charged with a complaint in this case, for any wrong doing. A complaint was never filed."
 {¶ 11} This issue was addressed in Jones' second appeal, wherein we determined the issue was barred by the doctrine of res judicata.State v. Jones, 3d Dist. No. 4-07-02, 2007-Ohio-5624, at ¶ 33-35. Subsequently, Jones' argument in this appeal is barred by the law of the case doctrine. In Hopkins v. Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769,820 N.E.2d 329, at ¶ 15, the court stated:
 [t]he law of the case is a longstanding doctrine in Ohio jurisprudence. "[T]he doctrine provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan, 11 Ohio St.3d at 3, 11 OBR 1, 462 N.E.2d 410. The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio *Page 8 Constitution. State ex rel. Potain v. Mathews (1979), 59 Ohio St.2d 29, 32, 13 O.O.3d 17, 391 N.E.2d 343.
The seventh assignment of error is overruled.
 {¶ 12} In the eighth assignment of error, Jones makes the following, complete argument:
 Defendant asked the court, the trial court to being forth proof that defendant waived his Miranda Rights and to make the Prosection [sic] prove by evidence that defendant made a statement against himself.
 Defendant has always claimed he never made no [sic] confession and the police is not truthfull [sic] about giving Defendant any Miranda Rights. Police made this confesstion [sic] up. Defendant can also prove he has no kids. Defendant did ask for counsel, defendant also didn't talk to the police. The police kept trying to get me to ware [sic] a wire on people he didn't even know. When Defendant kept asking for counsel, that's when police got mad.
 Next thing you know Police is lieing [sic]; saying Defendant made a confession at Defendant's trial and on Police Reports. With no proof of confession. Violation of Miranda Rights.
Jones could have, but did not, raise this issue on direct appeal. Therefore, the claim is barred by the doctrine of res judicata.State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraphs eight and nine of the syllabus. Furthermore, Jones has improperly raised this argument for the first time on appeal, and we will not consider it.Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210,436 N.E.2d 1001, citing State v. Glaros (1960), 170 Ohio St. 471, 166 N.E.2d 379, at paragraph one of the syllabus ("The fundamental rule is that an *Page 9 
appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected."). The eighth assignment of error is overruled.
 {¶ 13} In the fifth assignment of error, Jones contends we should apply the structural error analysis used by the Supreme Court of Ohio inState v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917. Jones argues that the indictment "although stating knowingly with respect to Possession of Crack Cocaine and one count of Trafficking in Crack, did not specifically state any mental element with respect to `engaging in the act of Possession', nor state any mental element withe [sic] respect to `Trafficking in Crack Cocaine.'" We do not find Jones' argument persuasive. The holding in Colon is to be applied only prospectively.State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, at ¶ 3-5. Since Jones' direct appeal was determined on October 2, 2006, the holding in Colon cannot apply to his case. Even if we were to consider Jones' argument, the indictment did specify the mens rea for each offense, which would not invoke the extremely narrow holding ofColon. See State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749,893 N.E.2d 169, at ¶ 8. The fifth assignment of error is overruled.
 {¶ 14} We will consider the first, second, third, and sixth assignments of error together, as they are all based on the same nucleus of operative fact. In the *Page 10 
first assignment of error, Jones argues that Dana Rowe perjured himself by providing inconsistent statements, which were relied upon by the state in obtaining its conviction. In the second assignment of error, Jones argues he was entitled to confront his "accuser" at trial. Jones believes Rowe is his "accuser" because Rowe apparently told the parole officer Jones was living in his trailer at the time Jones' drugs were seized. In the third assignment of error, Jones contends the state committed a discovery violation by failing to have Rowe testify at trial. In the sixth assignment of error, Jones claims he had the ineffective assistance of trial counsel because none of his attorneys contacted Rowe to investigate or to prepare a defense. Jones also submits 21 additional reasons why he believes trial counsel was ineffective.
 {¶ 15} We begin by noting that none of the 21 additional claims for ineffective assistance of counsel were based on the "affidavit" of Dana Rowe, and Jones has brought forth no new evidence to support his claims. These additional issues raised by Jones could have been, and should have been, brought to the attention of this Court on direct appeal. As such, those arguments are barred by the doctrine of res judicata. State v.Perry, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraphs eight and nine of the syllabus. Furthermore, the issues addressed in the first, second, and third assignments of error are not the issues raised by Jones in his petition for post conviction relief. The issue raised by Jones in his petition for *Page 11 
post conviction relief was narrow: was trial counsel ineffective for failing to investigate a witness, Dana Rowe, and failing to prepare a defense for Jones? The issues raised in the first, second, and third assignments of error are being raised by Jones for the first time on appeal, and as such, are improper and will not be considered. Schade v.Carnegie Body Co., 70 Ohio St.2d at 210, 436 N.E.2d 1001, citingState v. Glaros, 170 Ohio St. 471, 166 N.E.2d 379, at paragraph one of the syllabus.
 {¶ 16} Post conviction proceedings are civil in nature, and the defendant bears the burden of proving his case by a preponderance of the evidence. State v. Spivey, 7th Dist. No. 00CA106, 2002-Ohio-1149; State v. Jones, 3d Dist. No. 02-2000-07, 2000-Ohio-1879. To establish ineffective assistance of counsel, a defendant must show that "(1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense." State v. Price, 3d Dist. No. 13-05-03, 2006-Ohio-4192, at ¶ 6, citing State v. Kole, 92 Ohio St.3d 303, 306, 2001-Ohio-191,750 N.E.2d 148, quoting Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674. In proving that the defendant was prejudiced by counsel's actions, the appellant must demonstrate that "there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different." Id. at ¶ 6, citing Strickland v. Washington, 466 U.S. at 694, *Page 12 104 S.Ct. 2052, 80 L Ed2d 674. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." State v. Loza (1994), 71 Ohio St.3d 61, 83,641 N.E.2d 1082, citing Strickland v. Washington, 466 U.S. at 697, 104 S. Ct. 2052,80 L. Ed.2d 674.
 {¶ 17} To prove that an attorney's conduct was deficient or unreasonable, the appellant "must overcome the presumption that the attorney provided competent representation, and show that the attorney's actions were not trial strategies prompted by `reasonable professional judgment.'" State v. Scott-Hoover, 3d Dist. No. 3-03-20, 2004-Ohio-97, at ¶ 7, quoting Strickland v. Washington, 466 U.S. at 687,104 S. Ct. 2052, 80 L. Ed.2d 674. Attorneys licensed in Ohio enjoy a strong presumption of competence, and "tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance." Id., citing State v. Sallie, 81 Ohio St.3d 673, 675,1998-Ohio-343, 693 N.E.2d 267; State v. Carter (1995),72 Ohio St.3d 545, 558, 651 N.E.2d 965. "Instead, the errors complained of must amount to a substantial violation of defense counsel's essential duties to his client." Id., citing State v. Bradley (1989), 42 Ohio St.3d 136, 141,538 N.E.2d 373, quoting State v. Lytle (1976), 48 Ohio St.2d 391, 396,358 N.E.2d 623.
 {¶ 18} At the hearing, Jones put on no evidence. The only "evidence" that could have been attributed to Jones' case was the "affidavit" he had attached to his *Page 13 
petition for post conviction relief. The court noted Jones' lack of evidence and allowed the state to proceed with its witnesses. Both Johnson and Macaluso testified and were subject to cross-examination by the defendant. Finally, the state called Dana Rowe to the stand. Rowe testified that he had lived in the trailer with another man named David. Rowe stated that David and Jones stayed in the "back bedroom." Rowe testified that he knew Jones kept clothes and items from Rent-A-Center in the bedroom, but he did not know about the safe until the police found it. Rowe testified that he signed the affidavit, even though it contained false statements, because the man who delivered it had threatened his family. On cross-examination, Rowe stated that defense counsel never contacted him to testify. Jones apparently cannot comprehend that his permanent address is not necessary to prove a charge of possession of drugs, as he kept asking Rowe whether the trailer had been his permanent home. Rowe indicated that Jones had been in the process of moving at the time of his arrest, but he had been staying in Rowe's trailer for the prior two to three weeks.
 {¶ 19} The trial court then questioned Rowe, reading each statement from the "affidavit" and asking whether the statement was true. While some minor details were true, Rowe indicated that the substantive facts were false. Rowe testified that he signed the "affidavit" to protect himself and his family after having been threatened, and he testified that he understood the ramifications of *Page 14 
signing an "affidavit" bearing false statements. Based on Rowe's testimony, the trial court determined that even if Jones' counsel fell below the standard guaranteed by the Sixth Amendment, Jones was not prejudiced because Rowe's testimony would not have changed the outcome of the trial.
 {¶ 20} On the record, the trial court engaged in a detailed analysis under Strickland, and indicated that the "biggest complaint" was raised by Rowe's "affidavit." The court stated, "[t]he Court doesn't find further investigation in this matter by any of the counsel involved would have had any impact on the result." (Hearing Tr., May, 19, 2008, at 115). The court discounted "the Defendant's mischaracterization of evidence as hearsay" and relied on Johnson's testimony that he retrieved the key that opened the safe from Jones' person, Rowe's testimony about control of the premises, Jones' confession, and the audio tape of Jones' conversation with a relative directing the relative to retrieve additional drugs from the trailer and sell them. (Id. at 115-116).
 {¶ 21} In its judgment entry, the court dismissed Jones' petition and also overruled it, finding that the petition was not supported by evidence at the hearing; that there was no evidence that any attorney's performance "fell below the objective standard of reasonable representation;" that Rowe's "affidavit" was "deemed to be false, as it was obtained by the Defendant under threat or intimidation;" and that "the evidence in this matter is overwhelming in support of *Page 15 
the convictions." (J. Entry, Apr. 7, 2008, at 2). The evidence cited by the court included Jones' sole possession of the key to the safe, Jones' control of the bedroom, Jones' confession, and the taped telephone conversations Jones made from jail. (Id.).
 {¶ 22} Reviewing the judgment under the abuse of discretion[1]
standard, we cannot find the trial court's decision to be unreasonable, arbitrary, or capricious. See State v. Zamora, 3d Dist. Nos. 11-08-04, 11-08-05, 2008-Ohio-4410, at ¶ 14, citing State v. Calhoun,86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905. The first, second, third, and sixth assignments of error are overruled.
 {¶ 23} In the fourth assignment of error, Jones contends that the conviction was against the manifest weight of the evidence. Jones failed to raise this argument in the trial court, and an argument may not be asserted for the first time on appeal. Schade v. Carnegie Body Co.,70 Ohio St.2d at 210, 436 N.E.2d 1001, citing State v. Glaros,170 Ohio St. 471, 166 N.E.2d 379, at paragraph one of the syllabus. However, even considering Jones' argument in the interest of justice, it is meritless. As previously determined, the "affidavit" upon which Jones relied was signed under threat or intimidation. Without the "evidence" contained in *Page 16 
Rowe's alleged "affidavit," the facts remain the same as they were prior to the filing of Jones' petition for post conviction relief, and in that regard, the issue is barred by the doctrine of res judicata. State v.Perry, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraphs eight and nine of the syllabus. The fourth assignment of error is overruled.
 {¶ 24} The judgment of the Defiance County Common Pleas Court is affirmed.
Judgment affirmed.
 SHAW, P.J., and PRESTON, J., concur.
[1] An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144, internal citations omitted. *Page 1