THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

[Cite as State v. Williams, 8 Ohio App. 2d 135.]

(No. 8407—Decided October 25, 1966.)

*Mr. C. Howard Johnson*, prosecuting attorney, and *Mr. K. Michael Foley*, for appellee.
*Mr. Murray Williams, in propria persona.*

DUFFEY, J. This is an appeal filed pursuant to Section 2953.23, Revised Code.

Appellant, an inmate of the Ohio Penitentiary, filed a petition for postconviction relief under Section 2953.21, Revised Code. The petition alleges that appellant pled guilty to an indictment for armed robbery without having counsel and being under the impression that he would have to conduct his own defense. He further alleges that the trial court failed to advise him of his right to counsel.

Original documents from case No. 37224 on the criminal docket of Franklin County have been included in the file prepared by the Common Pleas Clerk of Courts. An examination of those documents shows an entry of a plea of guilty. There is nothing to indicate an appointment of counsel, and there is

nothing to indicate that appellant was advised of his right to counsel.

The Common Pleas Court set the petition for hearing and appointed Mr. H. Alfred Glascor as attorney for appellant. At the hearing, the attorney stated appellant's basic contention, *i. e.*, that he did not have, and was not advised of his right to, counsel when he pled guilty in 1958. In response to this statement of the attorney, the hearing judge observed that he himself had been the presiding judge in the criminal case, "and I asked him, as I do all of them, if he had an attorney." At this point, appellant interjected a statement that he did not recall being asked if he wanted an attorney, and stated that he was not advised of his right to one. A colloquy ensued between appellant and the judge. In essence, appellant maintained he had not been advised and the judge insisted that appellant had been asked if he wanted an attorney and had said no. Thereupon, the hearing was terminated. At no time was the appellant sworn to give testimony. No evidence by way of stipulation or otherwise was presented.

The petition alleges grounds for postconviction relief under Section 2953.21, Revised Code. The record of the original criminal proceedings does not fully rebut the allegation. Accordingly, in our opinion, appellant was entitled to an evidentiary hearing in which he would be provided an opportunity to prove his allegations.

Further, the court did not make findings of fact and conclusions of law as required by Section 2953.21, Revised Code. In that connection, we observe that any finding of fact must be supportable upon evidence duly admitted and portrayed on the record.

The order of the Common Pleas Court will be reversed and the cause remanded for further proceedings.

*Judgment reversed.*

DUFFY, J., concurs.

BRYANT, P. J., dissenting. I must respectfully dissent from the majority opinion. In this case, Murray Williams, appellant, was charged first by affidavit and later by indictment with

the crime of armed robbery alleged to have taken place on March 28, 1958. I will judicially notice that the facts alleged, namely a robbery with a gun netting $12,000 in currency and a $600 watch, are sufficiently unusual and distinctive to make them easy to recall.

In any event, it was more than six months later, to wit, October 7, 1958, that Williams was brought before the Columbus Municipal Court on the charge and entered a plea of guilty.

At the hearing in the court below on April 1, 1966, counsel for Williams stated that Williams was arrested in Cleveland in October 1958 and returned to Columbus to face the charge. Williams stated that he now is 39 years of age. We can assume that he was about 31 years of age in 1958.

It was on November 24, 1958, that Williams was indicted, and the indictment was personally served on him on November 28, 1958. The record having to do with his arraignment shows that it took place on December 5, 1958. The printed form used contains the words "Plea Not Guilty." The form was changed by striking out the word "Not" and hence shows a plea of guilty.

The final paragraph of the form contains these words: "And it appearing that said defendant is in indigent circumstances and unable to employ counsel, the Court at his request assigns ........................ as counsel to defend him." This part of the form was left blank.

The judge conducting the 1966 hearing, under the provisions of Section 2953.21 et seq., Revised Code, was the same judge who took the guilty plea of Williams eight years before. This judge stated that he asked Williams "as I do all of them" if he had an attorney. He also stated he asked Williams if the latter wanted the court to appoint an attorney and that Williams' "answer was, no, he was entering a plea of guilty."

In my view, the form which specifically provided a place for entering the name of a court-appointed attorney supports fully the statements of the court below, and the answers given by Williams are not sufficient to rebut this record.

I think my view is consistent with the holding of the United States Supreme Court in Gideon v. Wainwright (1963). 372 U. S. 335. In Gideon, it was clear that the state of Florida. with but a few exceptions, had no provision for providing coun-

138

sel for the indigent. Statutory provision for counsel for the indigent has been in effect in Ohio in various forms for at least 135 years. See 29 Ohio Laws 155-159, Section 14, passed March 7, 1831; 71 Ohio Laws 13, passed February 20, 1874; and 72 Ohio Laws 46, passed March 3, 1875. Also, see Section 2941.50 *et seq.*, Revised Code.

I believe that no prejudicial error occurred in the court below and that the appeal is not well taken and should be denied.