OPINION *Page 3 
{¶ 1} The defendant-appellant, Jacob B. Howald, appeals the judgment of conviction and sentence filed by the Union County Common Pleas Court. For the reasons stated herein, we affirm the decision of the trial court.
 {¶ 2} On March 29, 2007, the Union County Grand Jury indicted Howald on the following offenses: count one, burglary, a violation of R.C.2911.12(A)(2), a felony of the second degree; count two, theft from an elderly person, a violation of R.C. 2913.02(A)(1), (B)(3), a felony of the fourth degree; and count three, receiving stolen property, a violation of R.C. 2913.51(A), (C), a felony of the fifth degree. Each count also contained a specification, charging Howald with using a specified motor vehicle in any manner to facilitate each offense. Howald pled not guilty at arraignment.
 {¶ 3} On April 10, 2007, the state filed a bill of particulars. On May 15, 2007, Howald filed proposed jury instructions, and on May 21, 2007, the state filed a motion to amend the bill of particulars and its proposed jury instructions, which included instructions on complicity. A jury trial was held on May 23, 2007, with the jury finding Howald guilty of each offense as charged in the indictment. Proceeding immediately to sentencing, the trial court determined that the charges of theft from an elderly person and receiving stolen property were allied offenses of similar import, and the state elected to retain the charge of theft from an elderly *Page 4 
person. The court sentenced Howald to an aggregate sentence of seven years in prison; six years on count one consecutive to twelve months on count two. The court also ordered Howald to pay a fine, the costs of prosecution, and restitution to the victim. Howald appeals the judgment of the trial court and asserts two assignments of error for our review.
 First Assignment of Error The trial court erred when it gave jury instructions on complicity when Appellant had been indicted straight up for burglary, theft from an elderly person and receiving stolen property, thereby prejudicing Appellant., [sic] requiring his convictions be reversed.
 Second Assignment of Error The trial court erred when it imposed consecutive sentences.
 {¶ 4} In the first assignment of error, Howald apparently contends that the trial court erred as a matter of law when it instructed on complicity. Howald argues that "the complicity charge, by its very nature, tends to permit a conviction based upon an inference that just being with someone when a crime is committed makes that person guilty of complicity to the crime." Howald asserts that the state should have charged complicity, and by allowing the jury to consider complicity when it was not charged, the court "relieved [the state] of the burden of proving Appellant committed the crimes he was indicted for * * * ." Howald contends he went to trial because the state had the burden of proving the principal offenses *Page 5 
beyond a reasonable doubt, implying that he may have had a different defense or accepted a plea bargain had the state charged him with complicity.
 {¶ 5} In response, the state argues that R.C. 2923.03(F) allows it to charge complicity either in terms of the complicity statute or in the terms of the principal offense, and it opted to charge Howald under the terms of the principal offenses. The state contends that Howald must, but failed to, show how he was prejudiced by the complicity instruction.
 {¶ 6) At the close of the evidence, the court reviewed the final jury instructions with counsel. Defense counsel asked the court if the complicity instruction was included, and the court indicated that it was. (Trial Tr., Jul. 23, 2007, at 149). The court and counsel engaged in a dialogue about the propriety of the complicity instruction, with the trial court ultimately deciding to give the instruction. No formal objection was placed on the record by defense counsel. The absence of an objection to jury instructions generally changes the standard of review from an abuse of discretion to plain error. See State v. Powell, 3d Dist. No. 1-05-51, 2006-Ohio-1778, at ¶ 12; State v. Bridge, 3d Dist. No. 1-06-30, 2007-Ohio-1764, at ¶ 19, quoting State v. Underwood (1983),3 Ohio St.3d 12, 13, 444 N.E.2d 1332. Regardless of which standard we use, there is no prejudicial error on this record. *Page 6 
 {¶ 7} In State v. Hand, 107 Ohio St.3d 378, 2006-Ohio-18,840 N.E.2d 151, at ¶ 178-184, the Ohio Supreme Court addressed a similar situation, though the offenses charged were different. In that case, Hand argued that the trial court erred by allowing the state to amend its bill of particulars and by instructing the jury on complicity when he had been indicted for principal offenses. The Supreme Court noted that Crim.R. 7(E) allows the state to amend a bill of particulars "`at any time subject to such conditions as justice requires.'" Hand, at ¶ 180. The court also noted that Crim.R. 7(D) allows the court to amend a bill of particulars "`before, during, or after a trial,' provided that `no change is made in the name or identity of the crime charged.'" Id. The court went on to state that R.C. 2923.03(F) allows the state to charge complicity in terms of the complicity statute or in terms of the principal offense. Id. at ¶ 181. The court held that R.C. 2923.03(F) "adequately notifies defendants that the jury may be instructed on complicity, even when the charge is drawn in terms of the principal offense." Id., citing State v. Keenan, 81 Ohio St.3d 133, 151,1998-Ohio-459, 689 N.E.2d 929, citing Hill v. Perini (C.A.6, 1986), 788 F.2d 406, 407-408.
 {¶ 8} As in Hand, Howald was charged in the terms of the principal offenses. In Hand, the state moved to amend the bill of particulars after the close of evidence but before the jury was instructed. The Supreme Court found no prejudicial error in allowing the amendment to the bill of particulars or in the jury *Page 7 
instruction for complicity, in part, because Hand did not request a continuance. Hand, at 179, 183. In this case, the state filed a motion to amend the bill of particulars and its proposed jury instructions two days prior to trial. The record fails to demonstrate any attempt by Howald to seek a continuance so as to prepare a different trial strategy or to allow him time to negotiate a plea bargain.
 {¶ 9} The Supreme Court also stated that an appellant must demonstrate prejudicial error in the trial court's decision to give a complicity instruction. Noting that Hand's defense at trial was simple denial (i.e., that he had not killed his wife) the court stated, "Hand fails to point out how he could have defended himself differently, given notice that complicity would also be an issue as to Count One." Id. at ¶ 182. In this case, Howald's defense was that he simply drove a third person, James Quinn, to the victims' residence, without knowledge that Quinn intended to commit or had committed any offense at the residence.[1]
As in Hand, we can find no prejudicial error in the trial court giving a jury instruction on complicity. See id. at ¶ 184 ("In sum, Hand was not misled or prejudiced by the state's notification of complicity in the amended bill of particulars. Moreover, the trial court did not err in instructing on complicity.") The first assignment of error is overruled. *Page 8 
 {¶ 10} In the second assignment of error, Howald contends the trial court erred when it ordered him to serve consecutive sentences. Howald cites a negligible criminal history prior to these charges and argues that the court's reliance on the facts of this case was error. In response, the state points out that Howald failed to object to the imposition of consecutive sentences at the sentencing hearing, and even if he had objected, the trial court did not err. The state contends that after State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the trial court has full discretion to impose consecutive sentences, and it is not required to provide findings or reasons for so doing.
 {¶ 11} In Foster, the Supreme Court declared portions of Ohio's sentencing law unconstitutional. The court held that as a result of its decision, trial courts have discretion to impose consecutive sentences and "`are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.'"State v. Orwick, 3d Dist. No. 5-06-59, 2007-Ohio-4488, at ¶ 11, quotingFoster, at paragraph seven of the syllabus. As such, we review Howald's sentence for an abuse of discretion. State v. Rhoads, 3d Dist. No. 5-07-10, at ¶ 4, 2007-Ohio-5386, at ¶ 4. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), *Page 9 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, internal citations omitted.
 {¶ 12} Although the trial court is no longer required to give its reasons for imposing consecutive sentences, it opted to do so, stating in pertinent part:
 [T]he Court's considered the statement of the Prosecuting Attorney, I've considered the victim impact statement, and I've also considered the fact that not only were the — the two victims in this particular case, not only were their peace disturbed and certainly their feeling of well being having been violated and probably continues to be, and the well being of the neighbors in the community in what was supposedly a pretty safe place. And now due to your actions and the actions of Mr. Quinn, that has all changed irretrievably. And as I say, the Court's considered the record. * * * I've sat and listened to you deny any involvement in the case. * * * I don't think you accepted any kind of responsibility in the case, and I don't think you do now. * * * The Court would also comment for the record that it's offensive, I think, to certainly to everyone that's here for you to expressly take Route 4 up to Union County so that you could knock off — knock off homes. And I — it's got — it's got to stop. And I think it's going to stop with you right now.
(Trial Tr., at 195-196). The court clearly had several reasons for ordering Howald to serve consecutive sentences, even if most of those reasons were based on the facts of the instant case. Consistent withFoster, we cannot find an abuse of discretion. The second assignment of error is overruled. *Page 10 
 {¶ 13} The judgment of the Union County Common Pleas Court is affirmed.
Judgment affirmed.
 SHAW and PRESTON, J.J., concur.
[1] Even at sentencing, Howald continued to deny any involvement. For his statement in mitigation of sentence, Howald told the court, "I contend that I'm — my innocence in this. And I'm very sorry that these people's stuff got stolen. I really didn't know nothing about it. I'm glad they got — they're getting their stuff back. And I regret ever having the acquaintance of Mr. Quinn." (Trial Tr., at 193). *Page 1