OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant Jacob B. Howald ("Howald") appeals from the May 23, 2008 Journal Entry of the Court of Common Pleas, Union County, Ohio overruling his petition for post-conviction relief.
 {¶ 3} This matter stems from Howald's conviction for Burglary, a violation of R.C. 2911.12(A)(2), a felony of the second degree; Theft from an Elderly Person, a violation of R.C. 2913.02(A)(1), (B)(3), a felony of the fourth degree; and Receiving Stolen Property, a violation of R.C. 2913.51(A), (C), a felony of the fifth degree. Proceeding immediately to sentencing, the trial court determined that the charges of theft from an elderly person and receiving stolen property were allied offenses of similar import, and the state elected to retain the charge of theft from an elderly person. The court sentenced Howald to an aggregate sentence of seven years in prison; six years for burglary consecutive to twelve months for theft from an elderly person.
 {¶ 4} This Court affirmed Howald's convictions in State v.Howald, 3rd Dist. No. 14-07-25, 2007-Ohio-6152. *Page 3 
 {¶ 5} On May 20, 2008 Howald filed a petition for post-conviction relief. In his petition, Howald argued that he was denied effective assistance of counsel and that the indictment against him was faulty. The trial court overruled Howald's petition on May 23, 2008.
 {¶ 6} Howald now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR POST CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING.
 {¶ 7} In his sole assignment of error, Howald argues that the trial court erred by failing to conduct an evidentiary hearing on his petition for post-conviction relief.
 {¶ 8} A petitioner who seeks to challenge his conviction through a petition for post conviction relief is not automatically entitled to a hearing. State v. Jackson (1980), 64 Ohio St.2d 107, 110,413 N.E.2d 819. The test is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case. State v.Strutton (1988), 62 Ohio App.3d 248, 251, 575 N.E.2d 466 citingJackson, supra.
 {¶ 9} Further, "[w]here a petition for post conviction remedy under R.C. 2953.21 alleges grounds for relief, and the record of the original criminal *Page 4 
prosecution does not fully rebut the allegations, the petitioner is entitled to an evidentiary hearing in which he is provided an opportunity to prove his allegations." State v. Bays (Jan. 30, 1998), 2nd Dist. No. 96-CA-118 citing State v. Williams (1966),8 Ohio App.2d 135, 136, 220 N.E.2d 837.
 {¶ 10} However, if the court determines that there are no substantive grounds for relief, it may dismiss the petition without an evidentiary hearing. State v. Smith, 3rd Dist. No. 1-04-50,2004-Ohio-6190 citing State v. Calhoun (1999), 86 Ohio St.3d 279,282-83, 714 N.E.2d 905, 1999-Ohio-102; State v. Cole (1982),2 Ohio St.3d 112, 443 N.E.2d 169. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for post conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." State v.Battle, 10th Dist. No. 06AP-863, 2007-Ohio-1845 citingCalhoun, 86 Ohio St.3d 279 at 291.
 {¶ 11} Additionally, in reviewing the documentary evidence in support of the petition, the trial court may judge their credibility in determining whether to accept the affidavits as true statements of fact for the purpose of showing substantive grounds for relief. SeeCalhoun, 86 Ohio St.3d at 284, State v. Bays, supra, State v.Strutton, 62 Ohio App.3d at 252. "Unlike the summary judgment *Page 5 
procedure in civil cases, in post conviction relief proceedings, the trial court has presumably been presented with evidence to support the original entry of conviction . . ." Id. Therefore, under appropriate circumstances in post conviction relief proceedings, the trial court may deem affidavit testimony to lack credibility without first observing or examining the affiant. Id. That conclusion is supported by common sense, the interests of eliminating delay and unnecessary expense, and furthering the expeditious administration of justice. Id. citing Civ. R. 1(B), (C); Cole, 2 Ohio St.3d at 114. However, if the trial court dismisses the petition for post conviction relief, it shall make and file findings of fact and conclusions of law with respect to such dismissal. R.C. 2151.21(C).
 {¶ 12} In reviewing whether the trial court erred in denying a petitioner's motion for post conviction relief without a hearing, the appellate court applies an abuse of discretion standard. State v.Campbell, 10th Dist. No. 03AP-147, 2003-Ohio-6305 citingCalhoun, 86 Ohio St.3d at 284. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id. *Page 6 
 {¶ 13} As an initial matter, we note that Howald's petition for post-conviction relief is untimely. Timeliness of a petition for post-conviction relief is governed by R.C. 2953.21(A)(2) which provides in pertinent part:
 Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or . . . (emphasis added)
 {¶ 14} This Court has previously recognized that a trial court is without jurisdiction to consider a petition for post-conviction relief that is filed outside of the statutory 180 day time limit. State v.Osborn, 3rd Dist. No 9-06-44, 2007-Ohio-1629. Furthermore, the Ohio Supreme Court held in State ex rel Kimbrough v. Greene (2002),98 Ohio St.3d 116, 781 N.E.2d 155, 2002-Ohio-7042, at ¶ 6, that "[a] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely filed petition" with respect to a petition for post conviction relief.
 {¶ 15} In the present case, Howald's petition was filed with the Clerk of Courts on May 20, 2008. The transcript in the original appeal was filed on July 23, 2007. Accordingly, the 180 day time period for filing expired before Howald's petition was filed.
 {¶ 16} Although we concluded that Howald's petition was untimely pursuant to R.C. 2953.21(A)(2), if Howald's petition satisfied the requirements of *Page 7 
R.C. 2953.23(A), it would remove the petition from the 180 day filing requirement of R.C. 2953.21(A). R.C. 2953.23(A)(1) requires:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 (1) Both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 17} In order to satisfy R.C. 2953.23, Howald would have to show that he was "unavoidably prevented" from discovering new evidence which is the basis of his claim. *Page 8 
 {¶ 18} Howald's appeal appears to only concern his first claim for relief in his post-conviction petition: that he received ineffective assistance of counsel at trial. Specifically, he claims that the trial court erred by instructing the jury on complicity, and that he received ineffective assistance of counsel because he did not receive an adequate opportunity to discuss these instructions with counsel. In his direct appeal, Howald claimed that the trial court erred as a matter of law when it instructed the jury on complicity. This Court discussed his contention as follows:
 Howald argues that "the complicity charge, by its very nature, tends to permit a conviction based upon an inference that just being with someone when a crime is committed makes that person guilty of complicity to the crime." Howald asserts that the state should have charged complicity, and by allowing the jury to consider complicity when it was not charged, the court "relieved [the state] of the burden of proving Appellant committed the crimes he was indicted for * * *." Howald contends he went to trial because the state had the burden of proving the principal offenses beyond a reasonable doubt, implying that he may have had a different defense or accepted a plea bargain had the state charged him with complicity.
 * * *
 At the close of the evidence, the court reviewed the final jury instructions with counsel. Defense counsel asked the court if the complicity instruction was included, and the court indicated that it was. (Trial Tr., Jul. 23, 2007, at 149). The court and counsel engaged in a dialogue about the propriety of the complicity instruction, with the trial court ultimately deciding to give the instruction. No formal objection was placed on the record by defense counsel. The absence of an objection to jury instructions generally changes the standard of review from an abuse of *Page 9 discretion to plain error. See State v. Powell, 3d Dist. No. 1-05-51, 2006-Ohio-1778, at ¶ 12; State v. Bridge, 3d Dist. No. 1-06-30, 2007-Ohio-1764, at ¶ 19, quoting State v. Underwood (1983), 3 Ohio St.3d 12, 13, 444 N.E.2d 1332. Regardless of which standard we use, there is no prejudicial error on this record.
 In State v. Hand, 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, at ¶ 178-184, the Ohio Supreme Court addressed a similar situation, though the offenses charged were different. In that case, Hand argued that the trial court erred by allowing the state to amend its bill of particulars and by instructing the jury on complicity when he had been indicted for principal offenses. The Supreme Court noted that Crim. R. 7(E) allows the state to amend a bill of particulars "`at any time subject to such conditions as justice requires.'" Hand, at ¶ 180. The court also noted that Crim. R. 7(D) allows the court to amend a bill of particulars "`before, during, or after a trial,' provided that `no change is made in the name or identity of the crime charged.'" Id. The court went on to state that R.C. 2923 .03(F) allows the state to charge complicity in terms of the complicity statute or in terms of the principal offense. Id. at ¶ 181. The court held that R.C. 2923.03(F) "adequately notifies defendants that the jury may be instructed on complicity, even when the charge is drawn in terms of the principal offense." Id., citing State v. Keenan, 81 Ohio St.3d 133, 151, 1998-Ohio-459, 689 N.E.2d 929, citing Hill v. Perini (C.A.6, 1986), 788 F.2d 406, 407-408.
 As in Hand, Howald was charged in the terms of the principal offenses. In Hand, the state moved to amend the bill of particulars after the close of evidence but before the jury was instructed. The Supreme Court found no prejudicial error in allowing the amendment to the bill of particulars or in the jury instruction for complicity, in part, because Hand did not request a continuance. Hand, at 179, 183. In this case, the state filed a motion to amend the bill of particulars and its proposed jury instructions two days prior to trial. The record fails to demonstrate any attempt by Howald to seek a continuance so as to prepare a different trial strategy or to allow him time to negotiate a plea bargain. *Page 10 
 The Supreme Court also stated that an appellant must demonstrate prejudicial error in the trial court's decision to give a complicity instruction. Noting that Hand's defense at trial was simple denial (i.e., that he had not killed his wife) the court stated, "Hand fails to point out how he could have defended himself differently, given notice that complicity would also be an issue as to Count One." Id. at ¶ 182. In this case, Howald's defense was that he simply drove a third person, James Quinn, to the victims' residence, without knowledge that Quinn intended to commit or had committed any offense at the residence. As in Hand, we can find no prejudicial error in the trial court giving a jury instruction on complicity. See id. at ¶ 184 ("In sum, Hand was not misled or prejudiced by the state's notification of complicity in the amended bill of particulars. Moreover, the trial court did not err in instructing on complicity.") The first assignment of error is overruled.
Howald, 2007-Ohio-6152, ¶ 4-¶ 9.
 {¶ 19} Accordingly, Howald's argument that the complicity instruction was in error, was raised on direct appeal. Moreover, Howald's argument that he wished to further discuss the complicity instructions with counsel could have been raised on direct appeal. The complicity instruction was proposed two days prior to trial. Therefore, Howald could have raised his concerns about his trial counsel's performance at trial or on direct appeal. Accordingly, Howald's petition contains no information that he did not have at trial, or at the time of his direct appeal.
 {¶ 20} In further support of the trial court's disposition of Howald's petition, we note that the Supreme Court of Ohio has held that the doctrine of res judicata will bar a defendant from raising any defenses or constitutional claims in a post conviction appeal under R.C. 2953.21
that were or could have been raised *Page 11 
by the defendant at trial or on direct appeal. State v. Perry (1967),10 Ohio St.2d 175, 180, 226 N.E.2d 104. Thus, the doctrine of res judicata will bar all claims except those that were not available at trial or on appeal because they are based on evidence outside the record. State v.Medsker, 3rd Dist. No. 1-04-24, 2004-Ohio-4291.
 {¶ 21} The Supreme Court of Ohio has recognized exceptions to this general rule and has held that the doctrine of res judicata does not apply to claims of ineffective assistance where the issue was not heard on direct appeal. See State v. Hester (1976), 45 Ohio St.2d 71, 75-76,341 N.E.2d 304. However, the Supreme Court of Ohio has limitedHester to situations where defendant's counsel was the same at both trial and on direct appeal, because counsel "cannot realistically be expected to argue his own incompetence." State v. Cole (1982),2 Ohio St.3d at 114 and fn. 1. Additionally, in Cole, the Supreme Court of Ohio held that where a defendant was represented by new counsel on direct appeal "who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel," claims of ineffective assistance of counselmust be brought on direct review. Id. (Emphasis added).
 {¶ 22} In the present case, Howald's claims are not only untimely, but are barred by res judicata, as these claims were articulated in his direct appeal and he had new counsel on appeal. Moreover, nothing in Howard's petition supports his *Page 12 
contention that he would have liked more time to discuss his defense with trial counsel other than his own self-serving claims. Therefore, the trial court did not abuse its discretion when it overruled Howald's petition without a hearing as Howald presented no substantive claims for relief. Accordingly, Howald's assignment of error is overruled.
 {¶ 23} Based on the foregoing, the May 23, 2008 Journal Entry of the Court of Common Pleas, Union County, Ohio overruling Howald's petition for post-conviction relief is affirmed.
Judgment affirmed.
 WILLAMOWSKI and ROGERS, JJ., concur. *Page 1