[Cite as *State v. McKinney*, 2011-Ohio-3521.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO.  4-11-01

      v.

DANIEL P. MCKINNEY,             O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Defiance County Common Pleas Court
Trial Court No. 03-CR-08624

**Judgment Affirmed**

**Date of Decision:  July 18, 2011**

APPEARANCES:

    *Daniel P. McKinney*, **Appellant**

    *Russell R. Herman*  **for Appellee**

**PRESTON, J.**

{¶1} Petitioner-appellant, Daniel P. McKinney (hereinafter "McKinney"), pro se, appeals the judgment of the Defiance County Court of Common Pleas denying his petition for post-conviction relief. For the reasons that follow, we affirm.

{¶2} On July 7, 2003, the Defiance County Grand Jury returned an indictment against McKinney, charging him with the following five counts: robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2); aggravated theft, a felony of the third degree, in violation of R.C. 2913.02(A)(1) and (4); receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51(A); failure to comply with order or signal of police officer, a felony of the third degree, in violation of R.C. 2921.331(C)(5)(a)(ii); and failure to comply with an order or signal of police officer, a felony of the fourth degree, in violation of R.C. 2921.331(C)(4).

{¶3} On January 20, 2004, the matter was heard by a jury. During the trial, McKinney moved for two judgments of acquittal, which were both denied. After four days of trial testimony, the jury retired on January 23, 2004. Later that evening, the jury found him guilty on all five counts. McKinney subsequently filed a motion for a new trial, which was denied.

{¶4} On March 15, 2004, a sentencing hearing was held, at which time, the trial court sentenced McKinney to the following: eight (8) years imprisonment on count one; four (4) years imprisonment on count two; one and a half (1½) years imprisonment on count three; five (5) years imprisonment on count four; and one and a half (1½) years imprisonment on count five. All sentences were ordered to run consecutively to one another, for a total of twenty (20) years imprisonment.

{¶5} McKinney appealed his conviction and sentence to this Court. On October 18, 2004, this Court found that McKinney's conviction for an additional charge of receiving stolen property was not supported by sufficient evidence. *State v. McKinney*, 3d Dist. No. 4-04-12, 2004-Ohio-5518, ¶¶51-59. As a result, we reversed and remanded the case to the trial court for purposes of re-sentencing McKinney without the additional receiving stolen property conviction. Id. at ¶64.

{¶6} On December 20, 2004, McKinney filed a petition for post-conviction relief. On January 11, 2005, the State filed its response in opposition and a motion to dismiss McKinney's petition for post-conviction relief. On January 24, 2005, McKinney filed his response to the State's motions.

{¶7} On January 27, 2005, McKinney was re-sentenced to the following: eight (8) years imprisonment on count one; four (4) years imprisonment on count two; five (5) years imprisonment on count four; and one and a half (1½) years imprisonment on count five. All sentences were ordered to be served

consecutively to one another, for a total of eighteen and a half (18½) years imprisonment.

{¶8} On February 23, 2005, the trial court denied the post-conviction petition without a hearing, finding that it was barred by res judicata and that it failed to otherwise demonstrate substantive grounds for relief.

{¶9} On February 10, 2011, McKinney filed his notice of appeal on the trial court's denial of his petition for post-conviction relief.

{¶10} McKinney now appeals and raises the following two assignment of error. For ease of our discussion, we elect to address his assignments of error together.

**ASSIGNMENT OF ERROR NO. I**

**APPELLANT MCKINNEY WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW, AS GUARANTEED BY THE OHIO CONSTITUTION AND THE CONSTITUTION OF THE UNITED STATES, WHERE HE WAS DENIED THE PROTECTED LIBERTY INTEREST OF AN EVIDENTIARY HEARING ON HIS PETITION FOR POST CONVICTION RELIEF UNDER R.C. §§ 2953.21 et seq [SIC].**

**ASSIGNMENT OF ERROR NO. II**

**APPELLANT MCKINNEY WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF LAW, AS GUARANTEED BY THE OHIO CONSTITUTION AND THE CONSTITUTION OF THE UNITED STATES, WHERE HE WAS DENIED THE PROTECTED LIBERTY INTEREST OF JUDICIAL REVIEW**

**OF HIS PETITION FOR POST CONVICTION RELIEF AS MANDATED BY R.C. § 2953.21(C).**

{¶11} Under his first and second assignments of error, McKinney argues that he was entitled to an evidentiary hearing on his petition for post-conviction relief. McKinney also argues that the trial court erred in not properly "adjudicating" the merits of his motion.

{¶12} In response, the State first argues that McKinney failed to comply with App.R. 4(A), and thus, this Court lacks jurisdiction to review the case. In addition, the State claims that even if we were to find that we have jurisdiction, McKinney's arguments are barred by the doctrine of res judicata. As a final matter, the State also asserts that the trial court did not err and properly reviewed and adjudicated McKinney's motion for post-conviction relief.

{¶13} As an initial matter, we note that it appears that McKinney's petition for post-conviction relief may have been untimely. However, neither party nor the trial court addressed this particular issue, and given the passage of time and the issues concerning the record, which we will discuss in further detail below, we find that we are unable to accurately determine whether McKinney's petition was, in fact, untimely. As such, we will address the merits of McKinney's appeal.

{¶14} The first issue that was presented before this Court on appeal is whether, as the State asserts, this Court lacks jurisdiction to hear McKinney's

appeal because McKinney filed this appeal several years after the trial court denied his petition for post-conviction relief. App.R. 4(A) provides:

> **A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.**

A party's failure to comply with App.R. 4(A)'s thirty-day filing deadline deprives this Court of jurisdiction. *Advantage Bank v. Waldo Pub, L.L.C.*, 3d Dist. No. 9-08-67, 2009-Ohio-2816, ¶62, citing *State ex rel. Pendell v. Adams County Bd. of Elections* (1988), 40 Ohio St.3d 58, 531 N.E.2d 713. See, also, *State v. Byrd*, 3d Dist. Nos. 4-05-17, 4-05-18, 2005-Ohio-5613.

{¶15} At first glance, it would appear that McKinney's appeal is time barred since the trial court denied McKinney's petition for post-conviction relief on February 23, 2005, but McKinney did not file his appeal until February 10, 2011. However, in McKinney's uncontroverted affidavit to this Court, he argues that the time for filing his appeal under App.R. 4 was tolled because he was never served with the trial court's judgment entry denying his petition for post-conviction relief. McKinney states that, at the time he filed his petition for post-conviction relief, he was incarcerated at the Lebanon Correctional Institution, but that the clerk of court erroneously recorded that he was at the Ohio Department of Rehabilitation and Corrections in Orient, Ohio. McKinney argues that the record

clearly shows that service of the judgment entry denying his petition for post-conviction relief was sent to the correctional facility at Orient, Ohio, and not the Lebanon Correctional Institution.

{¶16} Civ.R. 58(B) provides:

**When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket.** *Upon serving the notice and notation of the service in the appearance docket, the service is complete.* **The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A).**

(emphasis added). The Ohio Supreme Court has stated:

**"In those cases in which both Civ.R. 58(B) and App.R. 4(A) are applicable, if service of the notice of judgment and its entry is made within the three-day period of Civ.R. 58(B), the appeal period begins on the date of judgment, but if the appellants are not served with timely notice, the appeal period is tolled until the appellants have been served.** *In re Anderson* **(2001), 92 Ohio St.3d 63, 67, 748 N.E.2d 67. Consequently, App.R. 4(A) "tolls the time period for filing a notice of appeal * * * if service is not made within the three-day period of Civ.R. 58(B)."**

*State ex rel. Sautter v. Grey*, 117 Ohio St.3d 465, 2008-Ohio-1444, 884 N.E.2d 1062, ¶16, quoting *State ex rel. Hughes v. Celeste* (1993), 67 Ohio St.3d 429, 431, 619 N.E.2d 412.

{¶17} The record in this case shows that McKinney was never properly served with the judgment entry denying his petition for post-conviction relief. McKinney's last known address was at the Lebanon Correctional Institution. We note that several pleadings were filed by McKinney prior to the trial court's denial of his petition, which list McKinney's address as Lebanon Correctional Institution. However, the docket reflects that service of this judgment entry was attempted at the Corrections Center of Northwest Ohio, not the Lebanon Correctional Institution. Consequently, even though the trial court ruled on McKinney's petition for post-conviction relief in February 2005, because McKinney was never served with notice of its decision, we conclude that McKinney's appeal is timely, and that we have jurisdiction to hear the matter.

{¶18} With respect to the merits of McKinney's petition for post-conviction relief, a petitioner who seeks to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. The test is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case. *State v. Strutton* (1988), 62 Ohio App.3d 248, 251, 575 N.E.2d 466, citing *Jackson*, 64 Ohio St.2d at 110. "Where a petition for post conviction remedy under R.C. 2953.21 alleges grounds for relief, and the record of the original criminal

prosecution does not fully rebut the allegations, the petitioner is entitled to an evidentiary hearing in which he is provided an opportunity to prove his allegations." *State v. Bays* (Jan. 30, 1998), 2nd Dist. No. 96-CA-118, at \*2, citing *State v. Williams* (1966), 8 Ohio App.2d 135, 136, 220 N.E.2d 837. However, if it is determined that there are no substantive grounds for relief, the trial court may dismiss the petition without an evidentiary hearing. *State v. Howald*, 3d Dist. No. 14-08-23, 2008-Ohio-5404, ¶10, citing *State v. Smith*, 3d Dist. No. 1-04-50, 2004-Ohio-6190, ¶9, citing *State v. Calhoun* (1999), 86 Ohio St.3d 279, 282-83, 714 N.E.2d 905; *State v. Cole* (1982), 2 Ohio St.3d 112, 443 N.E.2d 169.

{¶19} In reviewing whether the trial court erred in denying a petitioner's motion for post-conviction relief without a hearing, this Court applies an abuse of discretion standard. *Howald*, 2008-Ohio-5404, at ¶12, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶14, citing *Calhoun*, 86 Ohio St.3d at 284. An abuse of discretion connotes more than an error of judgment; rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶20} Nevertheless, "a post-conviction relief hearing is not warranted for claims that were raised or could have been raised on direct appeal." *State v. Yarbrough* (Apr. 30, 2001), 3d Dist. No. 17-2000-10, at \*4, citing *State v. Reynolds* (1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131. "The principle of *res*

*judicata* will operate as a bar to any claim that was raised or could have been raised on direct appeal." Id., citing *State v. Lentz* (1994), 70 Ohio St.3d 527, 639 N.E.2d 784 and *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, syllabus. In his petition, and on appeal, McKinney argues that he was denied his Sixth Amendment right to be present at all critical stages of the proceedings, and that he was denied the right to have effective assistance of counsel. However, these claims contain issues McKinney was aware of, or should have been aware of, at the time of his direct appeal. Here, McKinney failed to raise the issue regarding his right to be present at all critical stages of the proceedings in his direct appeal, and in fact, did raise the issue regarding his ineffective assistance of trial counsel in his direct appeal. In his direct appeal, this Court considered and ultimately rejected McKinney's ineffective assistance of trial counsel arguments. *McKinney*, 2004-Ohio-5518, ¶¶60-63. As we stated in his direct appeal, "[i]n the instant case, there is nothing in the record that indicates (1) that the stand-by counsels were deficient and (2) that, if they were deficient, but for their deficiencies, the result of the trial would have been different." Id. at ¶62. Therefore, McKinney's post-conviction petition was barred by res judicata, and the trial court was not required to hold an evidentiary hearing. *Yarbrough* at *4, citing *Reynolds*, 79 Ohio St.3d at 161; *Lentz*, 70 Ohio St.3d 527; *Perry*, 10 Ohio St.2d 175, syllabus.

{¶21} *Even if* McKinney's petition was not barred by res judicata, McKinney nevertheless failed to demonstrate substantive grounds for relief in his petition. With respect to McKinney's claim that he was denied his right to be present at all critical stages of the proceedings, McKinney alleges that a private meeting occurred on December 1, 2003 outside the official court proceeding which was done in an attempt to subvert his constitutional rights. An accused has a fundamental right to be present at all critical stages of her criminal trial. Section 10, Article I, Ohio Constitution; Crim.R. 43(A). Yet, an accused's absence does not automatically result in prejudicial or constitutional error. *State v. Brinkley,* 105 Ohio St.3d 231, 2005-Ohio-1507, 824 N.E.2d 959, ¶117. Here, McKinney claims that there was a private meeting on December 1, 2003 outside of his presence. However, the documents submitted by McKinney in support of his post-conviction petition actually demonstrate that he was present at this hearing, which was held in response to *several* pro se motions he filed, even though he was represented by defense counsel at the time of his filings. Thus, McKinney has failed to demonstrate prejudice.

{¶22} In addition, as we stated above, not only have we already addressed and rejected McKinney's ineffective assistance of trial counsel arguments, but McKinney has not submitted any "evidentiary documents containing sufficient operative facts" to demonstrate his ineffective assistance of trial counsel claim for

purposes of his petition for post-conviction relief. Rather, McKinney has made broad conclusory statements which do not meet the threshold for requiring an evidentiary hearing. *State v. Pankey* (1981), 68 Ohio St.2d 58, 59, 428 N.E.2d 413.

{¶23} Therefore, for all of the above reasons, we find that the trial court did not err in denying McKinney's petition for post-conviction relief without conducting a hearing.

{¶24} McKinney's first and second assignments of error are, therefore, overruled.

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, P.J. and SHAW, J., concur.**

**/jlr**