[Cite as *State v. Welly*, 2016-Ohio-863.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SENECA COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                    CASE NO. 13-15-37

     v.

ERIC J. WELLY,                          O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 14CR0193

Judgment Affirmed

Date of Decision: March 7, 2016

APPEARANCES:

    *John M. Kahler, II* for Appellant

    *Stephanie J. Reed* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Eric Welly, appeals the judgment of the Court of Common Pleas of Seneca County denying his petition for post-conviction relief/motion to withdraw guilty plea without an evidentiary hearing. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On July 23, 2014, the Seneca County Grand Jury returned a one count indictment against Welly charging him with one count of rape in violation of R.C. 2907.02(A)(1)(b) and 2907.02(B), a felony of the first degree. Welly entered a plea of not guilty to the lone charge.

{¶3} On September 30, 2014, Welly filed a motion to remove or replace his court appointed counsel. Welly later asked the court to have his motion withdrawn, which was granted by the court.

{¶4} After a period of plea negotiations, Welly agreed to plead guilty to a lesser included offense of rape in violation of R.C. 2907.02(A)(1)(b) and 2907.02(B), a felony of the first degree, on November 17, 2014.[1]

{¶5} During the change of plea hearing, the following exchanges took place between the court and Welly.

> The Court: Mr. Welly, it's important to understand that I will be imposing a sentence of 25 years to life in this particular case. That's a long time in prison. I want to make sure that when you enter this plea of guilty, this

---

[1] Although the guilty plea form was filed on November 18, 2014, it was signed on November 17, 2014.

is your decision. You've had enough time to think about it. Speak with whoever you wanted to. And I realize that the original charge was life without parole. So, but there is at least 25 years before you may be considered for parole. All right.

Nov. 17, 2014 Hrg., p. 5.

The Court: Satisfied with [counsel's] representation?

Welly: Yes, sir.

*Id.* at p. 6-7.

The Court: Do you understand the nature of the charge and the possible defense you might have?

Welly: Yes, sir.

The Court: Are you entering this plea voluntarily and of your own free will?

Welly: Yes, sir.

The Court: Has anybody threatened you?

Welly: No, sir.

The Court: Any promises other than that which is contained in the sentence recommendation?

Welly: No, sir.

*Id.* at p. 10-11.

The Court: And again, are you entering this plea voluntarily?

Welly: Yes, sir.

The Court: Again, Mr. Welly, you're looking at an awful long time in prison before you're even eligible. I want to make sure you've given this enough thought, spoke with [your attorney], family, friends, whomever.

Welly: Yes, sir.

The Court: And you're sure this is what you want to do?

Welly: Yes, sir.

The Court: Very well then you may sign the plea.

*Id.* at p. 12-13.

**{¶6}** As a result of Welly's guilty plea, the court found Welly guilty, and the case proceeded immediately to sentencing, where the court sentenced Welly to an indefinite prison sentence of 25 years to life. Welly was also classified as a Tier III sex offender.

**{¶7}** Welly appealed his conviction and sentence on December 16, 2014. Welly obtained new counsel for his direct appeal. On appeal, Welly argued that the trial court failed to comply with Crim.R. 11 during his change of plea hearing. This court affirmed, finding that the trial court complied with the requirements of Crim.R. 11. *State v. Welly*, 3d Dist. Seneca No. 13-14-43, 2015-Ohio-2734, ¶ 6 ("*Welly I*").

**{¶8}** On September 1, 2015, Welly filed a petition for post-conviction relief/motion to withdraw guilty plea. In his petition, Welly argued that he was denied effective assistance of counsel because his trial counsel refused to take

Welly's case to trial and told Welly that Welly's only option was to accept the State's plea deal. Additionally, Welly argued that the interrogating officer threatened him and coerced him into confessing. He also argued that he obtained newly discovered evidence that proved he was innocent. Welly's sister, Sarah Toombs, filed an affidavit stating that she had been engaging in Facebook messages with the victim's mother. During these conversations, the mother told Toombs that the victim told the mother that Welly did not touch him. Toombs attached screenshots from her conversation with the victim's mother as an exhibit. Welly also filed an affidavit proclaiming his innocence and reiterating the facts contained in his petition.

{¶9} Regarding his motion to withdraw guilty plea, Welly argued that he was coerced into pleading guilty by his trial counsel. Moreover, Welly argued that he was not thinking clearly that day as he was under the influence of Risperdal, "which is a treatment for schizophrenia." (Docket No. 40, p. 3). Finally, he argued that he did not enter into his plea voluntarily, knowingly, or intelligently because of his low intelligence.

{¶10} On September 23, 2015, the State filed its response opposing Welly's petition/motion.

{¶11} The trial court denied Welly's petition/motion on October 23, 2015. In its decision, the court found that it had complied with Crim.R. 11 during the

change of plea hearing. It found that Risperdal helped Welly think clearly. In regard to Toombs's affidavit, the court found that it was all hearsay and did nothing to support Welly's petition. The court found the same with Welly's affidavit.

{¶12} Welly filed this timely appeal, presenting the following assignment of error for our review.

*Assignment of Error*

**THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S PETITION FOR POSTCONVICTION RELIEF AND MOTION TO WITHDRAW GUILTY PLEA WITHOUT AN EVIDENTIARY HEARING.**

{¶13} In his sole assignment of error, Welly argues that the trial court erred by denying his petition for post-conviction relief and his motion to withdraw his guilty plea without holding an evidentiary hearing. Specifically, Welly argues that his petition for post-conviction relief should have been granted because: (1) he was denied effective assistance of counsel; (2) he was coerced into confessing to the charge; and (3) newly discovered evidence proved his innocence. Regarding his motion to withdraw his guilty plea, Welly argues that the trial court erred because: (1) he was under the influence of Risperdal, which did not allow him to think clearly during his change of plea hearing; (2) his low intelligence level precluded him from entering into an intelligent plea; and (3) he was denied effective assistance of counsel. We disagree.

{¶14} Initially, we note that Welly has combined two separate arguments into one assignment of error. Loc.R. 11(A) states that "[e]ach assignment of error must be separately argued in the briefs unless the same argument, and no other, pertains to more than one assignment of error." A petition for post-conviction relief and a motion to withdraw a guilty plea are two separate vehicles available to criminal defendants, each with its own distinct standard of review. While this sort of argument is against our local rules, in the interest of justice, we elect to address Welly's arguments.

*Petition for Post-Conviction Relief*

{¶15} R.C. 2953.21, Ohio's post-conviction relief statute, provides those convicted of a felony offense " 'a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution.' " *State v. Scott-Hoover*, 3d Dist. Crawford No. 3-04-11, 2004-Ohio-4804, ¶ 10, quoting *State v. Yarbrough*, 3d Dist. Shelby No. 17-2000-10, 2001 WL 454683, *3 (Apr. 30, 2001). "A petitioner must establish that there has been a denial or infringement of his constitutional rights in order to prevail on a petition for post-conviction relief." *State v. Wyerick*, 3d. Mercer No. 10-07-23, 2008-Ohio-2257, ¶ 11. Further,

> [A] petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the

petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises.

*State v. Kapper*, 5 Ohio St.3d 36, 38 (1983).

**{¶16}** "In reviewing whether the trial court erred in denying a petitioner's motion for post-conviction relief without a hearing, the appellate court applies an abuse of discretion standard." *State v. Howald*, 3d Dist. Union No. 14-08-23, 2008-Ohio-5404, ¶ 11, citing *State v. Campbell*, 10th Dist. Franklin No. 03AP-147, 2003-Ohio-6305, citing *State v. Calhoun*, 86 Ohio St.3d 279, 284 (1999). A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 16-18 (2d Dist.). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Slappey*, 3d Dist. Marion No. 9-12-58, 2013-Ohio-1939, ¶ 12.

**{¶17}** "[I]n reviewing the documentary evidence in support of the petition, the trial court may judge their credibility in determining whether to accept the affidavits as true statements of fact for the purpose of showing substantive grounds for relief." *Howald* at ¶ 11, citing *Calhoun* at 284. The court should consider the relevant factors when accessing the credibility of affidavits:

> (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain

nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial.

*Calhoun* at 285, citing *State v. Moore*, 99 Ohio App.3d 748, 754-756 (1st Dist.1994). "Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony." *Id.*

{¶18} An ineffective assistance of counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different." *Id.* at paragraph three of the syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *State v. Waddy*, 63 Ohio St.3d 424, 433 (1992), *superseded by constitutional amendment on other grounds as recognized by State v. Smith*, 80 Ohio St.3d 89, 103 (1997).

{¶19} Further, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. *State v. Barnett*, 3d

Dist. Logan No. 8-12-09, 2013-Ohio-2496, ¶ 45. "Ineffective assistance does not exist merely because counsel failed 'to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it.' " *Id*., quoting *Smith v. Murray*, 477 U.S. 527, 535, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

{¶20} In reviewing an effective assistance of counsel challenge, we are reminded that

> [j]udicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*State v. Carter*, 72 Ohio St.3d 545, 558 (1995).

{¶21} If the defendant's ineffective assistance of counsel claim is related to a guilty plea, then the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1987).

{¶22} When a defendant enters a plea of guilty, he is making a "complete admission of the defendant's guilt." Crim.R. 11(B)(1). "A criminal defendant who pleads guilty is limited on appeal; he may only attack the voluntary, knowing, and intelligent nature of the plea and 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' " *State v. Mata*, 3d Dist. Allen 1-04-54, 2004-Ohio-6669, ¶ 12,

quoting *State v. Spates*, 64 Ohio St.3d 269, 272 (1992), quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). "A guilty plea constitutes a waiver of a claim of ineffective assistance of counsel unless counsel's conduct affected the voluntary nature of the plea." *Mata* at ¶ 13, citing *Spates* at 273.

{¶23} Upon a review of the record, including Welly's attached affidavit, Welly has failed to show how his trial counsel affected the voluntariness of his plea. The only "evidence" of any alleged wrongdoing was contained in Welly's affidavit, but the trial court did not find his affidavit to be credible. In its entry denying Welly's petition, the court found that the affidavit was not "clear and convincing evidence of actual innocence." (Docket No. 42, p. 5).

{¶24} Further, Welly's own statements during the change of plea hearing were inconsistent with his claims in his affidavit. Although Welly had earlier filed a motion to remove his trial counsel, at the change of plea hearing, Welly stated that he was satisfied with his counsel's advice. Moreover, the trial court, knowing the mandatory sentence involved, made sure that Welly was entering into the plea voluntarily. On at least three separate occasions during the hearing, the trial court asked Welly if entering a guilty plea is what Welly wanted to do. Each time, Welly responded by saying "yes, sir."

{¶25} Welly also claimed that he was unable to enter a plea voluntarily because of the effects of the drug Risperdal, which he had taken before the hearing. This claim is clearly unsupported by the record. During the hearing, the court asked Welly if he was, at that time, under the influence of alcohol or any other drug. Welly stated that he had taken Risperdal. Next, the trial court asked whether Risperdal either helped or hindered Welly's ability to think clearly. Welly responded that the drug helped him think clearly.

{¶26} In short, Welly has failed to show how his trial counsel's representation fell below any objective standards of reasonable representation. Other than his statements contained in his affidavit, Welly failed to present any evidentiary documents containing sufficient operative facts to support his claim. Thus, the trial court did not abuse its discretion in denying Welly's petition regarding his ineffective assistance of counsel arguments.

{¶27} Welly also argues that his petition should be granted because he was coerced into confessing to the charge by the interrogating officer. In support of this claim, Welly points to his affidavit where he stated that the officer threatened to make things worse if Welly did not confess. As we stated supra, the trial court did not find Welly's affidavit to be credible. Therefore, he failed to submit the necessary evidence needed to support a petition for post-conviction relief.

Accordingly, the trial court did not abuse its discretion in denying Welly's petition in this regard.

{¶28} Finally, Welly argues that he should have been granted an evidentiary hearing because of newly discovered evidence that proved his innocence. In support of this claim, Welly submitted the affidavit of Toombs. The trial court conducted the same credibility determination as it had with Welly's and found that Toombs's affidavit lacked credibility. Specifically, the trial court noted that the statements contained in the affidavit were hearsay. Upon review of the statements contained in Toombs's affidavit, we highlight that not only are the statements hearsay, but some are even hearsay contained within hearsay (e.g., the victim's statements to his mother, which were then stated by the mother to Toombs). Additionally, although not highlighted by the trial court, we find that Toombs's affidavit is less credible given her status as Welly's sister, and the statements contained in the affidavit clearly show that she was very interested in the success of Welly's case. *See Calhoun*, 86 Ohio St.3d at 285, citing *Moore*, 99 Ohio App.3d at 754-756. Because Welly's argument was solely supported by Toombs's affidavit, he failed to present sufficient documentary evidence to warrant a hearing on his petition. Accordingly, the trial court did not abuse its discretion in denying Welly's petition without a hearing in regard to the newly discovered evidence argument.

*Motion to Withdraw Guilty Plea*

**{¶29}** Appellate review of the trial court's denial of a motion to withdraw a guilty or no contest plea is limited to whether the trial court abused its discretion. *See State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995), citing *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). An abuse of discretion connotes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Nagle*, 11th Dist. Lake No. 99-L-089, 2000 WL 777835, *4 (June 16, 2000), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Id.*

**{¶30}** Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The party moving to withdraw the plea of guilty bears the burden of establishing a manifest injustice. *See Smith* at paragraph one of the syllabus. A manifest injustice is an exceptional defect in the plea proceedings, *State v. Vogelsong*, 3d Dist. Hancock No. 5-06-60, 2007-Ohio-4935, ¶ 12, or a " 'clear or openly unjust act.' " *State v. Walling*, 3d Dist. Shelby No. 17-04-12, 2005-Ohio-428, ¶ 6, quoting *State ex rel. Schneider v. Kriener*, 83 Ohio

St.3d 203, 208 (1998). Accordingly, a post-sentence motion to withdraw a guilty plea is only granted in "extraordinary cases." *Smith* at 264.

{¶31} In *State v. Carter*, 3d Dist. Allen No. 1-11-36, 2011-Ohio-6104, this court stated that "[i]t has long been held that a trial court has no authority to even consider a motion to withdraw a plea after a conviction has been affirmed; or, if there was no appeal, after the time for filing the original appeal has passed." *Id*. at ¶ 11; *see also State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas*, 55 Ohio St.2d 94, 97-98 (1978) ("[Crim.R. 32.1 does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do."). Under this well-settled law, the trial court could not consider Welly's motion to withdraw his guilty plea because this court had previously affirmed his plea and resulting conviction in *Welly I*.

{¶32} Even if the trial court had the authority to consider the motion, Welly's motion, at least in regard to his arguments about his mental state, would still fail based on the doctrine of res judicata. In *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), the Supreme Court of Ohio found that a final judgment of conviction bars a defendant from raising an issue in any subsequent proceeding that could have been raised in a prior proceeding. *Id*. at syllabus. As a result, res judicata

precludes all claims raised in a Crim.R. 32.1 motion that could have been raised in a prior proceeding. *State v. Sanchez*, 3d Dist. Defiance No. 4-06-31, 2007-Ohio-218, ¶ 18; *State v. Brown*, 167 Ohio App.3d 239, 2006-Ohio-3266, ¶ 7 (10th Dist.); *State v. McDonald*, 11th Dist. Lake No. 2003-L-155, 2004-Ohio-6332, ¶ 22. Here, Welly could have raised the issues of his low intelligence and the fact that he was not thinking clearly due to the Risperdal in his initial appeal. However, he did no such thing. As a result, res judicata bars his claim related to these arguments in this appeal.

{¶33} Welly's ineffective assistance of counsel argument is not barred by res judicata because it is "based on evidence outside the record." *State v. Bradley*, 3d. Dist. Union No. 14-08-27, 2008-Ohio-6071, ¶ 7, citing *State v. Medsker*, 3d Dist. Allen No. 1-04-24, 2004-Ohio-4291. However, as we found supra, Welly was not denied effective assistance of counsel. Thus, the court did not abuse its discretion by denying Welly's motion to withdraw his guilty plea.

{¶34} Accordingly, we overrule Welly's sole assignment of error.

{¶35} Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**